■ In the Matter of CHARLES R. WILLIAMS, Petitioner, v. VINCENT L. TOFANY, as Commissioner of Motor Vehicles of the State of New York, Respondent.— Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Third Judicial Department by order of the Supreme Court at Special Term, entered in St. Lawrence County) to review a determination of the Commissioner of Motor Vehicles which revoked the operator's license of the petitioner. On March 30, 1972 petitioner was operating his automobile in a generally northerly direction on New York State Highway No. 11 between the Villages of Canton and Potsdam in St. Lawrence County. At a point near Grant Hill petitioner's car collided with a southbound vehicle driven by Paul Baker. Baker and his two passengers died at the scene and the petitioner was severely injured. After a hearing, respondent revoked petitioner's operator's license upon a finding by the referee that petitioner violated section 510 (subd. 3, par. [e]) of the Vehicle and Traffic Law in that he operated his vehicle " in a manner showing a reckless disregard for life or property of others ". The petitioner seeks review of this determination, contending that the referee's findings were arbitrary and capricious and that they were not supported by substantial evidence. At the hearing the petitioner and Investigator Manor were the only witnesses. Petitioner testified that as he drove northerly and as he cleared the crest of a hill, he observed an approaching automobile entirely in the northbound lane. He testified that he ascertained the best escape route to be to his left and he turned westerly, crossing the broken and then a solid line on the highway and that as he did so, he realized that the other vehicle turned westerly also because its lights " were coming at me after I was in the opposite lane." The collision, which was almost entirely head-on, occurred in the southbound lane. The respondent did not believe petitioner's explanation, and we are of the view that substantial evidence supports the determination of the respondent that petitioner consumed a sufficient amount of alcohol to impair his judgment and by then undertaking to operate his motor vehicle on a public highway in such impaired condition, demonstrated a reckless disregard for the life and property of others. It is undisputed that petitioner was driving on the wrong side of the road at the time of impact, and thereby in the absence of a satisfactory explanation, the referee would have been entitled to infer negligence (cf. *Pfaffenbach* v. *White Plains Express Corp.*, 17 N Y 2d 132). It appears to be a reasonable inference from this record that if petitioner had knowingly consumed sufficient alcohol to deprive him of the ability to control his vehicle, he would be guilty of gross negligence, and as shall appear, the referee had an appropriate basis for making such a finding and for rejecting petitioner's explanation. The evidence shows that immediately prior to the accident, petitioner had spent at least eight hours in three different bars where, by his own admission, he had consumed at least five to nine beverages of differing alcoholic content. Although there was no direct testimony

as to the effect of the alcohol upon him, petitioner testified that when he first observed the oncoming Baker vehicle it was only 80 to 90 feet away. However, the unrefuted physical evidence shows the point of impact to have been approximately 250 feet from the crest of the hill from which petitioner claims to have first observed the Baker vehicle. Since the testimony reasonably leads to the conclusion that both vehicles were traveling toward each other at approximately the same rate of speed, it thus must be concluded that the distance between the vehicles when first observed by petitioner was approximately 500 feet. Considering this significant discrepancy between petitioner's testimony as to the distance between the vehicles and what the evidence otherwise shows, it could thus be inferred that petitioner's judgment was in fact impaired. There was also testimony by the investigator as to tire marks which led the officer to the conclusion that petitioner had driven his vehicle partially off the road onto the westerly shoulder only to return to the southbound lane just prior to impact. This testimony, which was believed by the referee, clearly contradicts the petitioner's version whereby he stated that he was attempting to escape by leaving the road on the westerly side. Moreover, the police officer's testimony gives rise to an inference that petitioner was unable to maintain control of his vehicle and thus that his driving ability was hampered. The question of credibility and the resolution of conflicting evidence were within the power of the referee. A review of the record as a whole indicates that his determination to reject petitioner's explanation for the accident is supported by substantial evidence and should be confirmed. Determination confirmed, and petition dismissed, without costs. Herlihy, P. J., Greenblott, Cooke, Kane and Main, JJ., concur.