In the Matter of WILLIAM W. HARMON, Also Known as WILLARD W. HARMON, Respondent, v. VINCENT L. TOFANY, as Commissioner of Motor Vehicles, Appellant.— Judgment unanimously reversed, without costs and determination of Commissioner confirmed. Memorandum: Following a one-car accident with an automobile operated by petitioner with his wife as passenger, in which his wife was injured and the vehicle was damaged, respondent Commissioner conducted a hearing and concluded that petitioner was guilty of reckless driving in violation of section 1190 of the Vehicle and Traffic Law, and he suspended petitioner's operator's license for 15 days. Petitioner instituted this article 78 proceeding for review and annulment of the Commissioner's determination. An order was made transferring the proceeding to this

court; but the parties then stipulated that the determination was based upon substantial evidence and so did not require review by the Appellate Division, and the order of transfer to this court was vacated at Special Term and the proceeding was heard in that court. In language suggesting that, contrary to the stipulation, the court considered the substantiality of the evidence, Special Term annulled the Commissioner's determination. On this appeal the Commissioner objects to the jurisdiction of Special Term to weigh the evidence upon which the determination rests and contends that the stipulated substantial evidence of petitioner's reckless driving supports the determination. We agree. The evidence presented by petitioner upon the hearing was that although he was not a diabetic nor under a doctor's care, he required sugar to keep his system in balance, and often ate candy or drank beer to fulfill that need; that for two days before the night of the accident he engaged in exhausting labor; that on the evening of the accident he and his wife had attended a party where he had five or six beers and then drove to a tavern where he had a sandwich and a bottle of beer. On leaving the tavern and going to his automobile to drive home petitioner felt tired. He and his wife then entered the automobile and he drove it out onto the highway, and within a distance of 200 feet it left the roadway and struck stationary objects, resulting in damage to the vehicle and injuries to his wife. These facts, including his drinking of beer and his tired feeling on entering the automobile with his wife as a passenger and losing control of the vehicle within 200 feet after proceeding onto the highway, support the Commissioner's finding of reckless driving on the part of petitioner (Vehicle and Traffic Law, § 1190; *Matter of Duggan* v. *Department of Motor Vehicles of State of N. Y.*, 31 A D 2d 108 and *Matter of Pask* v. *Hults*, 30 A D 2d 96). Petitioner's contention that the Commissioner's finding that he violated section 1190 of Vehicle and Traffic Law taints him with a criminal conviction in an improper forum without due process of law is without merit. Subdivision 7 of section 510 of the Vehicle and Traffic Law expressly authorizes the Commissioner to make this sort of determination; it is clear that suspension of an operator's license is a civil sanction and not a criminal one (*Matter of Barnes* v. *Tofany*, 27 N Y 2d 74); and Commissioner's determination does not inflict a criminal record upon petitioner. Suspension of petitioner's license for 15 days was within the authority of the Commissioner (Vehicle and Traffic Law, § 510, subds. 1, 3, par. [e]). (Appeal from judgment of Erie Special Term in article 78 proceeding.) Present — Marsh, P. J., Witmer, Simons, Goldman and Del Vecchio, JJ.