■ In the Matter of HAROLD G. STABB, Petitioner, v VINCENT L. TOFANY, as Commissioner of the Department of Motor Vehicles, Respondent.—Determination unanimously confirmed, without costs. Memorandum: The question on this appeal is whether the determination of respondent Commissioner of Motor Vehicles suspending petitioner's operator's license for six months and 20 days, under section 510 (subd 3, par [e]) of the Vehicle and Traffic Law, for gross negligence in the operation of his motor vehicle is justified by the evidence adduced at the motor vehicle hearing. It appears that on July 1, 1972 at about 11:00 P.M. petitioner struck and instantly killed a 17-year-old youth who was walking either on the edge of a two-lane highway or upon a narrow shoulder of the road. Petitioner contends that he was not exceeding 35 miles per hour, that the victim was wearing dark clothes and that he did not see the victim because he was temporarily blinded by the bright lights of an oncoming vehicle. Petitioner contends that the referee's finding of gross negligence was arbitrary, capricious and an abuse of discretion, is not supported by substantial evidence and that the punishment is excessive. The referee found that there was no satisfactory reason or explanation for petitioner not to see the pedestrian, that the driver of the oncoming vehicle had told the Deputy Sheriff that he did not have his bright lights on, that petitioner's driving ability was impaired by reason of having imbibed several bottles of beer, that petitioner's speed of 35 miles per hour was fast in view of petitioner's condition, that he failed to see and observe the presence of the young man although he had reasonable opportunity to do so, that petitioner failed to keep his vehicle under proper control and that these acts and omissions were the direct and proximate cause of the accident. These findings were proper, for substantial evidence was produced at the hearing which indicated that petitioner operated his motor vehicle "in a manner showing a reckless disregard for life * * * of others" (Vehicle and Traffic Law, § 510, subd 3, par [e]). The period of suspension is not an unreasonable or excessive disciplinary disposition in the circumstances in the record before us. (See *Matter of Cohn v Fletcher,* 297 NY 851; *Matter of Harmon v Tofany,* 45 AD2d 924; *Matter of Williams v Tofany,* 43 AD2d 1005.) (Review of determination suspending driver's license transferred by order of Monroe Special Term.) Present—Moule, J. P., Simons, Mahoney, Goldman and Witmer, JJ.