■    In the Matter of CARRIE P. NINO, Petitioner, v YONKERS CITY SCHOOL DISTRICT et al., Respondents.—Proceeding pursuant to CPLR article 78, *inter alia,* to review so much of a determination of the Board of Education of the Yonkers City School District, dated August 14, 1975, as, after a hearing, terminated petitioner's employment as a tenured teacher. Petition granted to the extent that the determination is modified, on the law, by reducing the penalty to a period of suspension, without pay, from August 14, 1975 to the date of the order to be entered hereon. As so modified, determination confirmed insofar as reviewed and petition otherwise dismissed on the merits, without costs or disbursements. On this record, we find that petitioner's guilt was established by substantial evidence, but that the penalty of dismissal was disproportionate to the offenses charged " 'in the light of all the circumstances, so as to be shocking to one's sense of fairness.' " *(Matter of Pell v Board of Educ.,* 34 NY2d 222, 233.) Accordingly, we have modified the punishment to the extent indicated herein. Margett, Acting P. J., Shapiro, Titone and O'Connor, JJ., concur.

■    In the Matter of PATRICK PITTELLI, Petitioner, v COMMISSIONER OF MOTOR VEHICLES OF THE STATE OF NEW YORK, Respondent.—Proceeding pursuant to CPLR article 78, *inter alia,* to review a determination of the respondent Commissioner of the New York State Department of Motor Vehicles, dated December 15, 1975, which, after a hearing, revoked petitioner's driver's license. Determination confirmed and proceeding dismissed on the merits, without costs or disbursements. The determination was supported by substantial evidence, and revocation is not an unreasonable or excessive disciplinary disposition on this record (see *Matter of Kelley v Kelly,* 5 AD2d 913; *Matter of Stabb v Tofany,* 49 AD2d 1019). Margett, Acting P. J., Shapiro, Titone and O'Connor, JJ., concur.

■    In the Matter of PHILIP W. SETTEPANI, Petitioner, v DANIEL GUIDO, as Commissioner of the Police Department of the County of Nassau, Respondent.—Proceeding pursuant to CPLR article 78 to review respondent's determination, dated July 9, 1976 and made after a hearing, which found petitioner guilty of one specification and fined him one day's pay. Determination confirmed and proceeding dismissed, on the merits, with costs. The record reveals that the determination of the respondent is supported by substantial evidence (see *Matter of Collins v Codd,* 38 NY2d 269; *Matter of Pell v Board of Educ.,* 34 NY2d 222). Margett, Acting P. J., Shapiro, Titone and O'Connor, JJ., concur.