■ In the Matter of JOAN E. BONITATIBUS, Also Known as JOAN E. KENISON, Petitioner, v JAMES P. MELTON, as Commissioner of the Department of Motor Vehicles of the State of New York, Respondent.—Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Schenectady County) to review a determination of the Commissioner of the Department of Motor Vehicles, which revoked petitioner's license to operate a motor vehicle and driving privileges. On September 17, 1977, petitioner's husband was struck and killed by an automobile operated by petitioner. As a result thereof, on October 28, 1977, petitioner's license was temporarily suspended pursuant to section 510 (subd 3) of the Vehicle and Traffic Law. Thereafter, a hearing was held pursuant to section 510 of the Vehicle and Traffic Law to determine whether petitioner's license should be suspended or revoked for gross negligence in the operation of a motor vehicle or for showing a reckless disregard for life. The referee heard the testimony of several witnesses, including the petitioner. In essence, he credited the testimony of an independent witness and a police officer who came to the scene after the accident occurred. The referee found that petitioner inflicted fatal injury upon her husband when she ran over his body as he lay on the highway in front of her vehicle. According to the referee, petitioner and her husband had left their wedding reception and were en route to the home of petitioner's parents. The referee also found that petitioner stopped the vehicle, her husband left it and lay down on the pavement in front of the car and indicated to her that she should run over him, whereupon petitioner drove the vehicle over him, inflicting fatal injury. The referee recommended that the petitioner's license be revoked for violating section 510 (subd 3, par [e]) of the Vehicle and Traffic Law. The referee further recommended that if the petitioner applied for a license after the 30-day period prescribed by subdivision 6 of section 510 expired, that such reapplication be disapproved until at least six months after petitioner surrendered her license. Petitioner appealed to the Administrative Appeals Board of the Department of Motor Vehicles and that board unanimously recommended that the referee's determination be affirmed, except insofar as the referee recommended that the Commissioner of the Department of Motor Vehicles be prohibited for a six-month period from exercising his discretion to grant petitioner a license upon reapplication for a license. The respondent agreed with the appeals board and determined that the petitioner's motor vehicle license be revoked and did not establish any restriction upon her application for a license after the 30-day period had expired. In this proceeding, the petitioner contends

the referee should not have adopted the testimony of the independent witness and the police officer, but instead, should have adopted her version of the incident. The petitioner also contends that the penalty imposed was arbitrary.* Where testimony is conflicting, it is for the referee to determine credibility *(Matter of Bell v Tofany,* 43 AD2d 652; *Matter of Williams v Tofany,* 43 AD2d 1005). On the record presented herein, it cannot be said that the referee acted arbitrarily and capriciously in discounting petitioner's testimony and adopting the testimony of the independent witness and the police officer. This being so, there is substantial evidence in the record for the determination and it should not be set aside *(Matter of McKenzie v Fisher,* 39 NY2d 103; *Matter of Williams v Tofany, supra).* With respect to the penalty imposed, it is not so severe as to be shocking to one's sense of justice, and, therefore, it may not be vacated *(Matter of Pell v Board of Educ.,* 34 NY2d 222). Determination confirmed, and petition dismissed, with costs. Mahoney, P. J., Greenblott, Main, Mikoll and Casey, JJ., concur.

---

* The petitioner has also raised a question concerning the respondent's failure to promptly act upon her reapplication for a license. Whatever the merits of that argument, we need not address it because the petitioner has at the time of this proceeding been issued a license based upon that reapplication.