■    In the Matter of BENEDICT BRUCIA, an Attorney.— Cross motion to have proceeding determined on the record before the Grievance Committee of the Association of the Bar of the City of New York granted. Concur — Botein, P. J., Valente, McNally, Stevens and Bergan, JJ.

■    F & L REALTY CORP. et al., Respondents, v. MARY J. GOODRICH et al., Appellants, and 358 W. 52ND ST. CORP., Intervenor-Appellant.— Order unanimously reversed, on the the the law, with $20 costs and disbursements to the appellants, and the motion for summary judgment dismissing the complaint granted, with $10 costs. Upon this motion the plaintiffs were required to show that the extension of the lease or the agreement to do so was in writing (Real Property Law, §§ 242, 259) or submit proof by affidavit that there had been acts of part performance sufficient to relieve them from the production of such a writing. (*McKinley* v. *Hessen*, 202 N. Y. 24, 30.) There has been a complete failure to meet either of these requirements. The claimed acts of part performance are legally insufficient to raise a triable issue of fact. The rule is " that the part performance must be clearly evidential of the existence of a contract — it must be such as would not ordinarily have taken place in the absence of a contract and therefore is not reasonably explicable on some other ground." (2 Corbin, Contracts, § 430, p. 473.) Otherwise stated, " There must be performance ' unequivocally referable ' to the agreement, performance which alone and without the aid of words of promise is unintelligible or at least extraordinary unless as an incident of ownership, assured, if not existing." (*Burns* v. *McCormick*, 233 N. Y. 230, 232.) The acts claimed by plaintiffs to have constituted part performance, fall far short of compliance with this rule. Settle order on notice. Concur — Botein, P. J., Breitel, McNally and Bastow, JJ.