LYDIA MINEVITCH, Individually and as Administratrix of the Estate of BORRAH MINEVITCH, Deceased, Respondent-Appellant, *v.* JOHN D. PULEO, Appellant-Respondent.

First Department, December 8, 1959.

*Paul Lewin* of counsel (*Bernard Buchwald* and *Burton I. Manis* with him on the brief; *Hoffman, Buchwald, Nadel, Cohen & Hoffman,* attorneys), for respondent-appellant.

*Edward Cherney* of counsel (*Norbert Ruttenberg* with him on the brief; *Friedlander, Bloom & Gaines,* attorneys), for appellant-respondent.

STEVENS, J. These are cross appeals from an order of Special Term entered April 26, 1957, which granted defendant's motion to dismiss the complaint for insufficiency to the extent of dismissing the 1st, 2d, 3d, 6th and 8th causes of action, and denied it as to the 4th, 5th and 7th causes of action. Defendant appeals from so much of the order as denied his motion as to the 4th, 5th and 7th causes of action, and the plaintiff cross-appeals from so much of the order as granted defendant's motion.

The plaintiff is the administratrix of the estate of Borrah Minevitch, deceased, who during his lifetime created a comedy musical entertainment entity known as Borrah Minevitch and His Harmonica Rascals. Plaintiff's intestate, Minevitch, and defendant Puleo on August 10, 1944, entered into a contract in writing under which Minevitch employed defendant "to render his sole and exclusive professional and artistic services" in the field of amusement. At its expiration the contract was renewed on a year-to-year basis until December 1950, when another written contract similar to that of 1944 was entered between the parties. This agreement contained yearly renewal options, which were exercised as provided for on or prior to May 9 of each year.

Minevitch died June 26, 1955. The defendant continued his activities as an entertainer independently of the provisions of the language of the agreements. Plaintiff brought suit (1) for

breach of contract, (2) an accounting by defendant as trustee of a constructive trust, (3) an injunction, (4) damages for malicious interference with a valuable property right, (5) an injunction to prevent further malicious interference with said property right, (6) an injunction to restrain defendant, a performer of unique and exceptional talent, from alleged unfair competition, (7) damages for alleged malicious appropriation of a valuable property right in the use of the trade names, and (8) for moneys allegedly loaned.

The basic question is whether the contract and its obligations survived the death of Minevitch. While the entire contract is not set forth, sufficient is gleaned from the excerpts alleged to persuade us that the relationship was that of master and servant, and involved the performance of unique personal services by the defendant.

It is the general rule that where a servant is employed to render personal services, such contract is terminated by the death of the servant. Equally well settled is it in New York that "The same reasoning which relieves the servant's estate relieves also the master's, for the relation constituted is personal on both sides and contemplates no substitution. If the master selects the servant, the servant chooses the master. * * * Submission to the master's will is the law of the contract which he meditates making. * * * One does not put himself in such relation for a fixed period without some choice as to whom he will serve. * * * The service, the choice, the contract are personal upon both sides, and more or less dependent upon the individuality of the contracting parties, and the rule applicable to one should be the rule which governs the other." (*Lacy* v. *Getman,* 119 N. Y. 109, 115–116.) While Minevitch could contract with others for the services of Puleo, there is nothing to indicate that Minevitch could assign his rights to others. (See *Seligman & Latz* v. *Noonan,* 201 Misc. 96; *Paige* v. *Faure,* 229 N. Y. 114.) Such services apparently remained subject to the supervision of Minevitch. The element of trust and confidence in the ability of Minevitch and the personal relationship remained. "Into every contract of personal service the law reads ' the implied condition ' that sickness or death shall be an excuse for non-performance." (*Matter of Buccini* v. *Paterno Constr. Co.,* 253 N. Y. 256, 258, citing *Spalding* v. *Rosa,* 71 N. Y. 40, 44; *Dolan* v. *Rodgers,* 149 N. Y. 489, 493, 495.)

The presumption of law that in the absence of express words, parties to a contract intend to bind not only themselves but their personal representatives does not obtain in a contract for

personal services. In such a contract, the duty of performance is terminated by the death of the master or that of the servant. Accordingly, the 1st, 2d, 3d and 6th causes were properly dismissed.

The 8th cause of action alleges loans to defendant by Minevitch approximating $10,000, and that defendant is justly indebted to the estate in such amount. Defendant attacks same as defective because there is no allegation as to when such loans were made or when they were to be repaid. "Pleadings must be liberally construed with a view to substantial justice between the parties." (Civ. Prac. Act, § 275.) The terminology used in the 8th count clearly apprises defendant of the claimed existence of an obligation from which a duty to repay may be implied if the debt be proved. The use of the term "lent" imports a promise and an obligation to repay. The allegation that defendant is "justly indebted" is sufficient to indicate nonpayment. In the absence of an agreed time for repayment it is assumed that the debt, if such there be, is payable on demand and the bringing of the action may constitute such demand. (Cf. *Wallach* v. *Dryfoos,* 140 App. Div. 438.)

The court pointed out, as to the 4th cause of action, that from a pleading standpoint it was not predicated upon the continued existence of the employment contract and concluded also that the 7th cause is similar to the 4th cause. Without expressing any view as to the merits of such causes, we agree with the determination made.

Accordingly, the order appealed from should be modified on the law and the facts to the extent of reinstating the 8th cause of action and, as so modified, otherwise affirmed, without costs.

BOTEIN, P. J., RABIN, M. M. FRANK and VALENTE, JJ., concur.

Order unanimously modified on the law and on the facts to the extent of reinstating the 8th cause of action and, as so modified, is affirmed, without costs.