In the Matter of IRMA DEL VALLE, Petitioner, v. JULE SUGARMAN, as Commissioner of the New York City Department of Social Services, et al., Respondents.— Determination of respondent Commissioner of New York State Department of Social Services, dated July 25, 1973, whereby further public assistance was denied to petitioner, unanimously annulled, on the law, without costs and without disbursements, and the proceeding remanded to respondent for hearing anew. Respondent's hearing officer determined that the father of one of her three children resided with petitioner and partially supported her. The " evidence " consisted of two investigation reports of interviews, mostly with anonymous and unidentified persons, without even the makers of the reports present at the hearing. No one was offered for testimony or cross-

examination except an employee of the department who identified its file. The value of the evidence is shown by the fact that its strongest exhibit was a three-year-old chauffeur's license in the name of the "husband" which gave petitioner's address as his. No comment need be made as to its probative value. Admission into evidence of this rank hearsay is explained by reliance on the business records exception (CPLR 4518, subd. [a]). The cited rule permits consideration of the weight to be given such evidence, and it obviously has none. While respondent is not bound strictly by rules of evidence at hearings held by the department, evidence of the type found here does not even approach minimum standards of fairness. The argument made by respondent's brief that the reports "were prepared by individuals who had first hand knowledge of the recorded facts" has no basis whatever. Remand for a proper hearing is indicated. Concur — Markewich, J. P., Kupferman, Tilzer and Moore, JJ.