■ REINA TORRES, Petitioner, v. ABE LAVINE, as Commissioner of the New York State Department of Social Services, Respondent.— Determination of respondent Commissioner of New York State Department of Social Services, made on December 31, 1973, affirming a determination by New York City Department of Social Services on August 21, 1973, whereby further public assistance was denied to petitioner, unanimously annulled, on the law, without costs and without disbursements, and the proceeding remanded to respondent State Commissioner for hearing anew. Although respondent has filed no brief in opposition to that of petitioner and instead consents to a new hearing, we would note that even in the absence of such consent a new hearing would be mandated because the respondent's determination is not supported by substantial evidence. The only witness at the statutory fair hearing was a fair hearing representative and a supervisor, neither of whom had personal knowledge of the facts. No field visits were made to petitioner's residence. There was no proof that the signatures on the receipts were those of petitioner's husband; and as was stated by this court in (*Matter of Garcia* v. *Lavine*, 41 A D 2d 817–818): "We have repeatedly held that in such circumstances the record lacks substantial evidence unless it contains, as this record does not, testimony as to the execution of the indorsement either from someone who witnessed the indorsement or from a qualified expert". With respect to the employer's form, no testimony was presented indicating how, why, where, and when the form was completed. We also observed *Matter of Del Valle* v. *Sugarman* (44 A D 2d 523, 524): "While respondent is not bound strictly by rules of evidence at hearings held by the department, evidence of the type found here does not even

approach minimum standards of fairness." (See, also, *Matter of Erdman* v. *Ingraham,* 28 A D 2d 5.) Remand for a proper hearing is indicated. Concur — McGivern, P. J., Markewich, Kupferman, Lupiano and Lane, JJ.