■ FURST AND FURST CORPORATION, Appellant, v. MARINE MIDLAND BANK OF SOUTHEASTERN NEW YORK, N. A., Respondent.— Order of the Supreme Court, Westchester County, dated January 10, 1973, affirmed, with $20 costs and disbursements, on the opinion of Mr. Justice Gagliardi at Special Term. Gulotta, P. J., Hopkins, Martuscello, Latham and Shapiro, JJ., concur.

■ In the Matter of REYES CEDENO, Petitioner, v. ABE LAVINE, as Commissioner of the New York State Department of Social Services, et al., Respondents.— Proceeding pursuant to article 78 of the CPLR to review a determination of the respondent Department of Social Services of the State of New York, dated May 10, 1974, which, after a statutory fair hearing, affirmed a determination of the respondent Department of Social Services of the City of New York to discontinue a grant of " aid to dependent children " to petitioner. Determination annulled, on the law, without costs, and matter remitted to the above-mentioned State agency for a further hearing in accordance herewith. The State agency determined that petitioner's husband, the father of her seven children, was employed and resided with her. The local agency rested its case on an employer's report in which the address given for the husband was the present address of petitioner and on the report of an investigator that on an unspecified date he spoke to "numerous" unidentified sources who stated the husband was in the household. The only witness called by the local agency was its representative. He produced the two reports. Petitioner testified that her husband had abandoned her and that she had been informed by her brother-in-law that her husband was living in Connecticut. The Connecticut address was at a very considerable distance from the address of the place of his employment. "While respondent is not bound strictly by rules of evidence at hearings held by the department, evidence of the type found here does not even approach minimum standards of fairness " (*Matter of Del Valle* v. *Sugarman*, 44 A D 2d 523, 524). Martuscello, Acting P. J., Shapiro, Christ, Benjamin and Munder, JJ., concur.

■ In the Matter of JOHN T. FARRELL, Appellant, v. BOARD OF EDUCATION OF THE CARMEL CENTRAL SCHOOL DISTRICT No. 2 et al., Respondents.— In a proceeding pursuant to article 78 of the CPLR to annul respondents' determination terminating appellant's employment, the appeal is from an order-judgment of the Supreme Court, Putnam County, entered April 8, 1974, which granted respondents' motion to dismiss the petition on the ground of the expiration of the four-month Statute of Limitations (CPLR 217). Order-judgment reversed, with $20 costs and disbursements, and respondents' motion denied, upon the authority of *Matter of Wininger* v. *Williamson* (46 A D 2d 689). Respondents' time to answer the petition is extended until 20 days after entry of the order to be made hereon. Latham, Acting P. J., Shapiro, Cohalan, Brennan and Benjamin, JJ., concur.