■ In the Matter of DELORES FORD, Petitioner, v. JAMES R. DUMPSON, as Commissioner of the New York City Department of Social Services, et al., Respondents.—Determination of respondent Commissioner of New York State Department of Social Services, dated January 11, 1974, which discontinued petitioner's grant of public assistance, unanimously annulled, on the law, without costs and without disbursements, and the proceeding remanded to respondent for a new hearing. In August of 1973, petitioner received notice that her grants of assistance were to be discontinued because it was determined that a man was living with her and contributing to the support of the household. A "Fair Hearing" was conducted on December 18, 1973 at which time a representative of respondent agency appeared and presented an assortment of documents in support of discontinuance of petitioner's grant. These documents referred, *inter aia,* to conversations with third persons who claimed that petitioner was living with this man. Both petitioner and the man testified that he was not residing in petitioner's apartment. No one appeared on behalf of the agency to offer testimony or to be cross-examined. There was no opportunity afforded petitioner to test and controvert the adverse evidence. While concededly an administrative hearing of this sort need not be conducted in strict adherence to technical rules of evidence (*Matter of Erdman* v. *Ingraham,* 28 A D 2d 5), nonetheless the evidence adduced at this hearing did not begin to approach the minimum standards of fairness (*Matter of Del Valle* v. *Sugarman,* 44 A D 2d 523). The record reveals that the alleged admissions of petitioner and the individual allegedly living with her so heavily relied upon by respondent in reaching his determination, were in fact denials of the material allegations urged against them. We nonetheless are directing that a new hearing be held since it appears that there is evidence which, if presented in proper probative form, might support the determination of the respondent (*Matter of Martinez* v.

*Sugarman,* 42 A D 2d 553). Determination of respondent Commissioner of New York State Department of Social Services, dated April 5, 1974, directing recoupment of advances of supplementary funds made to petitioner, unanimously modified, on the law, without costs or disbursements to the extent of reducing the amount recouped to a maximum of 15% of each assistance check. In January of 1974, a second hearing was held to determine if the agency was entitled to recoupment of advances given to petitioner to pay for utilities and to forestall eviction. This second hearing was held prior to the January 11, 1974 decision to discontinue the grant of public assistance. In any event, determinations of respondent Lavine subsequent to the commencement of these proceedings restored public assistance grants to petitioners. At the hearing, petitioner, through counsel, conceded that respondent was entitled to recoupment but contested the manner and extent of repayment. There are two separate recoupments involved here, and 18 NYCRR 352.31(d)(4) (eff. Sept. 24, 1974) provides in pertinent part that " where two or more recoupments are made simultaneously for different reasons or arising from different circumstances, the total reduction in the assistance grant shall not exceed 15 percent of the household's needs." Respondent has offered to modify future recoupments in accordance with this recently adopted regulation, and the determination of April 5, 1974 is modified accordingly. Concur — Stevens, J. P., Markewich, Capozzoli, Lane and Nunez, JJ.