■ In the Matter of OLGA BERNARD, Petitioner, v ABE LAVINE, as Commissioner of the New York State Department of Social Services, et al., Respondents.—Respondent's determination dated December 20, 1974 affirming the determination of the New York City Department of Social Services

that welfare payments to petitioner-appellant and to her children be discontinued, annulled, on the law, without costs and without disbursements, and the matter remanded for a new hearing. We have concluded, after careful examination of the record, that petitioner did not receive a "fair hearing" and that there is lacking the requisite substantial evidence to support the determination. As in *Matter of Del Valle v Sugarman* (44 AD2d 523), the evidence consisted of investigation reports, abstracts of entries from the case record, unsigned and some undated, summarizing the agency's position and conclusions. Also introduced was a questionnaire said to have been sent to petitioner's husband's employer and a post-office form. These two documents indicate that the husband gave petitioner's address as his own. The witness who introduced the evidence had no personal knowledge of the case or any of the entries in the file. No one was offered for testimony or cross-examination. Petitioner and her mother-in-law testified. Petitioner was represented by a layman—not a lawyer, as stated in respondent's brief. They sought to account for the husband's name on the mailbox and his presence at the premises where petitioner resides by testifying that the husband's mother lives in the same building but a different apartment, and that some bills come in the husband's name. Petitioner and her husband separated nine years ago. Although he resumed cohabitation with her during a few weeks in January, 1974, he again left and she does not know where he lives. On the advice of her lay representative, petitioner refused to answer any questions relating to any support funds she receives from her husband. Respondent found as a fact that petitioner's husband was in the household and provided adequate support for the family. He affirmed the determination of the city Department of Social Services and terminated benefits, ruling that petitioner had not fulfilled her responsibility under 18 NYCRR 351.1, requiring a recipient of public assistance to, *inter alia*, keep the agency informed of her needs and resources the whereabouts of responsible relatives and changes in needs and resources. On argument her counsel conceded that petitioner should have answered the questions concerning any funds received by her from her husband and stated that she would do so if a new hearing was afforded. Failure to do so, this being a civil proceeding, permitted the hearing officer to properly draw an unfavorable inference against petitioner. *(Matter of Gonzalez v Dumpson,* 46 AD2d 861; *Laverne v Incorporated Vil. of Laurel Hollow,* 18 NY2d 635.) We note also that the husband was not called by either party. Since respondent knows his employer, he should be subpoenaed for appearance at the rehearing. The adverse decision affects not only the petitioner, but her two innocent infant children who have a vital stake in the outcome of this proceeding. In fairness and in justice to both parties, a full rehearing should be held. Our order of March 16, 1975 providing for continued assistance pending the outcome of these proceedings shall remain in effect. Concur—Lupiano, Tilzer, Lane and Nunez, JJ;, Kupferman, J. P., dissents in the following memorandum: I would confirm the decision of the respondent Commissioner of Social Services. There was a rational basis for the decision *(Matter of Sullivan County Harness Racing Assn. v Glasser,* 30 NY2d 269, 277), and there was substantial evidence to buttress the determination *(Matter of Humphrey v State Ins. Fund,* 298 NY 327, 332). (See, also, *Matter of Butterly & Green v Lomenzo,* 36 NY2d 250.)