■ KIDDER, PEABODY & CO. INCORPORATED, Appellant, v ENERGY CORPORATION OF AMERICA, Respondent.—Order, Supreme Court, New York County, entered February 5, 1975, denying plaintiff's motion for summary judgment, unanimously reversed, on the law, with $60 costs and disbursements to appellant, and the motion granted together with a severance of the counterclaims. This is an action to recover a loan of $12,500 plus 6% interest per annum from October 2, 1972. The letter agreement between the parties dated October 2, 1972 specifically states that the $12,500 represents a loan to defendant at 6% interest. It further provides that the loan may be convertible at plaintiff's option into the defendant's common stock, which option will extend for a period not in excess of five years. Though this loan agreement looked to the preparation of a more formal document, its effectiveness was not conditioned on the execution of that formal document. As the period during which the loan would be outstanding was not stated and as the parties have not made an agreement thereon, the law implies a demand provision (*Minevitch v Puleo,* 9 AD2d 285, 288). Nothing in the letter agreement conditions repayment on the success of the "Star Project" referred to therein. The understanding between the parties that this $12,500 advance to defendant by plaintiff was a demand loan and constituted a fixed obligation of defendant to repay without regard to whether the "Star Project" transaction was consummated is further delineated in subsequent correspondence. Defendant's contentions that the loan was conditional, that is, it would be paid only out of profits of the "Star Project" and that the agreement provided for repayment in five years, are patently without merit. Assertion of a subjective understanding, not corroborated by objective evidence, that the loan was to be payable out of profits of the "Star Project" —a condition that was vital to the loan agreement defendant signed, which agreement did not contain such provision, contrary to what would naturally be expected, cannot serve to defeat plaintiff's motion for summary judgment. Such subjective understanding is belied by defendant's acknowledgment in July, 1973 that the loan was repayable on demand. As plaintiff is entitled to summary judgment, proper procedure requires severance of defendant's two counterclaims. Settle order on notice. Concur—Stevens, P. J., Markewich, Lupiano, Tilzer and Lynch, JJ.

■ MARGARITA GONZALEZ, Petitioner, v ABE LAVINE, as Commissioner of the New York State Department of Social Services, et al., Respondents.— Determination of the New York State Department of Social Services entered May 6, 1974, whereby further public assistance was denied to the petitioner, unanimously annulled, on the law, without costs and without disbursements, and the proceeding remanded to the respondent State Commissioner for a new hearing. Respondent affirmed a determination of the New York City Department of Social Services terminating petitioner's grant upon the evidence of witnesses testifying as to hearsay investigation reports. The unidentified individual whose suspicions were relied upon did not appear at the hearing. We have previously stated that while respondent is not bound strictly by rules of evidence, minimum standards of fairness require that the petitioner, who here denied the allegations of the agency, be confronted with someone who had some knowledge of the facts. (*Matter of Del Valle v Sugarman,* 44 AD2d 523; see, also, *Matter of Cedeno v Lavine,* 46 AD2d 687.) Concur—Stevens, P. J., Kupferman, Murphy, Tilzer and Capozzoli, JJ.