In the Matter of LORETTA GOBERN, Petitioner, v JAMES DUMPSON, as Commissioner of the Department of Social Services of the City of New York, et al., Respondents.—Determination of respondent Commissioner of New York State Department of Social Services, made on June 11, 1974, affirming a determination by the New York City Department of Social Services that welfare payments to petitioner and her minor child be discontinued, unanimously annulled, on the law, without costs and without disbursements, and the proceeding remanded to respondent State Commissioner for hearing anew. Basically, petitioner's public assistance was discontinued because respondents determined that her husband was living with her and that petitioner was no longer eligible for public assistance. The evidence relied upon by the hearing officer were responses to inquiries from petitioner's husband's employer giving Mr. Gobern's address as that of petitioner's and

similar reports from the unemployment insurance office and the Department of Motor Vehicles; also an official work sheet from the investigatory arm of the local agency, the special task section, stating that, after investigation, it was determined that the husband was in fact residing at petitioner's household. The only witness on respondents' behalf at the statutory fair hearing was a department representative who introduced the various documents from the file. He had no personal knowledge of the case, the contents of the proffered documents or of any of the facts in the record. Petitioner, on the other hand, testified, without the aid of counsel, that her husband had abandoned her in 1969 when she was pregnant. He later moved back with her and stayed intermittently for only a few months. He removed his personal belongings from their apartment in 1971. She does not know where he lives and has received no financial or other benefits from him for more than four years. A neighbor corroborated petitioner's testimony to the effect that Mr. Gobern has not lived with petitioner for several years. On this record the petitioner did not receive a fair hearing. There is lacking substantial evidence to support the respondents' determination. In *Torres v Lavine* (46 AD2d 621) we rejected use of the type of proof used herein noting that "no testimony was presented indicating how, why, where, and when the form was completed." Petitioner should not be held responsible for what her apparently estranged husband told various agencies. No field visit was made to the petitioner's residence. No witness who had any personal knowledge of either the documents offered or of petitioner's actions, or of her husband's whereabouts was called. The direct sworn testimony of petitioner and her witness that her husband does not reside with petitioner stands uncontradicted. On this record we concluded that the documentary evidence proffered by the respondents is insubstantial and does not furnish the requisite rational basis for the respondents' determination. We repeat what we said in *Matter of Bernard v Lavine* (48 AD2d 616, 617): "We note also that the husband was not called by either party. Since respondent knows his employer, he should be subpoenaed for appearance at the rehearing." The adverse decision affects not only the petitioner, but an innocent infant child who has a vital stake in the outcome of this proceeding. In fairness and justice to both parties, a full rehearing should be held. Petitioner should continue to receive assistance pending the outcome of the rehearing. Concur —Kupferman, J. P., Lupiano, Tilzer, Lane and Nunez, JJ.