■ ANCORP NATIONAL SERVICES, INC., Respondent, v PORT AUTHORITY OF NEW YORK AND NEW JERSEY, Appellant. (Action No. 1) (And Three Other Actions)—Order, Supreme Court, New York County, entered October 22, 1975, to the extent appealed from, reversed, on the law, and the motion for summary judgment dismissing and severing the complaint in Action No. 1 and the defenses and the counterclaims in Actions Nos. 2, 3 and 4 on grounds of the bar of the Statute of Frauds granted in all respects, with $60 costs and disbursements to appellant. The payment of full rent arrears, completed before the tenant executed the written lease expiring October 31, 1974, and the changes made by the tenant in its operations at its "finger" newsstands are not, as a matter of law, "unequivocally referable" to the alleged oral five-year renewal so as to constitute part performance. (Burns v McCormick, 233 NY 230, 232). The "changes" are nowhere delineated but are stated in broad generalities, accompanied by no valuation figures. The tenant's actions can be explained equally as the predicate for the written one-year lease that was actually executed. It will be noted that the application to make a preferential payment of the arrears in rent recited facts to indicate that the airport locations were desirable and highly profitable, fit consideration for the lease actually written. The contention by the tenant that it intended its actions to support the five-year renewal rather than the

one-year lease is nothing but the assertion of its subjective understanding not corroborated—indeed, refuted—by the objective evidence (cf. *Kidder, Peabody & Co., v Energy Corp. of Amer.,* 48 AD2d 795). That subjective intent cannot overcome the inherent ambiguity of the tenant's conduct, the explanation for which is not necessarily the possible existence of the oral agreement. (See *F & L Realty Corp. v Goodrich,* 7 AD2d 974.) In addition, enforcement of the oral renewal agreement would violate the prohibition in article 49 of the one-year lease forbidding modification or extension in the absence of a writing signed by both parties. The court further observes that the tenant itself has asserted that the terms of the five-year lease "have not been worked out." It is, however, a prerequisite to specific performance that the agreement be "certain as to its terms." *(Dunckel v Dunckel,* 141 NY 427, 433). Moreover, an oral agreement that leaves a material element to future negotiation is neither enforceable under the Statute of Frauds or otherwise. *(Ansorge v Kane,* 244 NY 395, 398.) In short, it is no more than an "agreement to agree", not enforceable. Concur—Markewich, J. P., Murphy, Capozzoli and Lane, JJ.; Nunez, J., dissents and would affirm for the reasons stated by Hughes, J. at Special Term