■ In the Matter of MARIE BOLDEN, Petitioner, v PHILIP TOIA, as Acting Commissioner of the Department of Social Services of the State of New York, et al., Respondents.—Proceeding pursuant to CPLR article 78, *inter alia,* to review so much of a determination of the Commissioner of the Department of Social Services of the State of New York, dated October 30, 1975, as, after a statutory fair hearing, affirmed a determination of the Commissioner of the Department of Social Services of the City of New York to discontinue petitioner's grant of aid to dependent children from May 1, 1975 to June 27, 1975. Petition granted, determination annulled insofar as reviewed, on the law, without costs or disbursements, and respondents are directed to reinstate petitioner's grant for the period in question. The State agency determined that petitioner's children did not reside with petitioner from September, 1973 through May, 1975. The local agency, in support of its determination to discontinue petitioner's grant, relied upon an affidavit by petitioner's landlord and upon the report of an investigator that, on several occasions, he spoke to unidentified persons who stated that the children did not reside with petitioner. The only witness called by the local agency was its representative who had no knowledge of the facts other than those gleaned from the report. " 'While respondent is not bound strictly by rules of evidence at hearings held by the department, evidence of the type found here does not even approach minimum standards of fairness'" (see *Matter of Cedeno v Lavine,* 46 AD2d 687; *Matter of Del Valle v Sugarman,* 44 AD2d 523). Since the State agency knew the identity of the landlord, he should have been subpoenaed to appear at the hearing. The adverse decision affected not only the petitioner, but her two innocent infant children who had a vital stake in the outcome of the proceeding (see *Matter of Bernard v Lavine,* 48 AD2d 616). Hopkins, Acting P. J., Martuscello, Cohalan, Margett and Shapiro, JJ., concur.