■ In the Matter of HARRY VAN WAGNER, Respondent, v BARRY L. VAN LARE, as Commissioner of the Erie County Department of Social Services, et al., Appellants.—Judgment unanimously affirmed, with costs. Memorandum: Respondent, Barry L. Van Lare, Commissioner of the Erie County Department of Social Services, discontinued public assistance to petitioner, and petitioner requested a fair hearing, which was granted. Respondent introduced at the hearing a statement by a representative of the New York State Employment Services indicating that petitioner had refused to accept referrals to jobs which he could fill, and introduced evidence that respondent Van Lare's officer had accepted such statement at face value. Petitioner requested adjournment of the hearing to meet such charge and to have the author thereof and petitioner's social service supervisor present for examination; but adjournment was denied. Respondent Berger, Commissioner of the New York State Department of Social Services, affirmed Commissioner Van Lare's determination; and petitioner brought this article 78 proceeding for review and annulment of respondents' determination. At Special Term petitioner pointed to respondents' failure to comply with the fair hearing regulations, especially 18 NYCRR 358.9 (g) which provides that when the official proposes to suspend a grant of assistance he shall "(g) take such action to assure that the person who made the determination to discontinue, suspend or reduce assistance, *or who is responsible therefor,* shall appear at the hearing" (emphasis added). Since respondents had failed to grant to petitioner his specified procedural rights, Special Term vacated the determination and reinstated petitioner's right to public assistance, including retroactive payment of lost benefits. Despite the obvious denial of petitioner's basic right to confront the officials who were responsible for the suspension of his public assistance, on this appeal respondents urge reversal of Special Term's judgment and confirmation of their determination. In view of the open violation of the department's own regulations, we find no reason to disturb the decision at Special Term. In agreeing with that decision, we note that this case is to be distinguished from one where the recipient has had full opportunity to establish his case (see *Matter of Vickers v Lavine,* 56 AD2d 731). (Appeal from judgment of Erie Supreme Court—art 78.) Present —Marsh, P. J., Moule, Dillon, Goldman and Witmer, JJ.