— Proceeding pursuant to CPLR article 78 inter alia to review a determination of the respondent Commissioner of the New York State Department of Social Services, dated June 10, 1976 and made after a statutory fair hearing, which affirmed a determination of the local agency to discontinue a grant of home relief to petitioner. Petition granted to the extent that the determination is annulled, on the law, without costs or disbursements, and respondents are directed to restore petitioner’s grant retroactive to the date of its termination; and petition otherwise dismissed. The State Commissioner determined that petitioner failed to report to the Employment Service of the State of New York on January 30, 1976 for referral to employment if appropriate, and that she failed to provide a valid reason for failing to report. The State Commissioner also found that petitioner reported to the State Employment Service on February 24, 1976 to receive her public assistance grant, at which time she declared that she was unemployable, but presented no verification of that claim. Upon this basis the State Commissioner affirmed the determination of the local agency to discontinue petitioner’s public assistance. The only witness called by the local agency was its representative, who produced reports showing that petitioner, far from being instructed to report for referral on January 30, 1976, had in fact been directed on that date to report for referral on February 24, 1976 and had in fact reported on that date as directed. This witness had no personal knowledge of any of the facts in the case; the makers of the reports were not present at the hearing. The result was that petitioner’s counsel was unable to cross-examine any witness who had personal knowledge of the facts. The petitioner testified that when she reported on February 24, 1976 she told her interviewer, whom she described in detail, that she was suffering from migraine headaches and could not do "a lot of reading”, and could not do bending over, which sometimes brought on her headaches. She said she was willing to take a job if he could find her one within these limitations, and she asked him to make a notation that there were some things she could not do. She testified that the interviewer told her it would cause confusion with Social Services if she said she could only perform limited work, and "they would probably want to force me into accepting a job I couldn’t do anyhow.” He said that it would be easier for her to just claim that she was unemployable. The petitioner further testified that the interviewer did not tell her that there would be any consequences of claiming to be unemployable and did not tell her that she would be liable to discontinuance of public assistance if she did so. He did not offer her a job, and no one referred her to training or any particular employment. She was not told to report to a job interview and she did not fail to accept referral to a public works project. The respondents do not controvert this *653 testimony in any way. The "evidence” against petitioner consists of nothing but hearsay (cf. Matter of Del Valle v Sugar man, 44 AD2d 523), and although administrative hearings are not limited to strict court rules in the reception of evidence, it is nonetheless basic that the determination must be supported by some substantial evidence which is acceptable in a court of law (see Matter of Schadt v Sardino, 48 AD2d 171, 174). Evidence of the type found here does not even approach minimum standards of fairness (see Matter of Cedeno v Lavine, 46 AD2d 687). We note that the petitioner has not established her right to the declaratory relief sought in her petition (cf. Matter of Jones v Berman, 37 NY2d 42, 57). Hopkins, J. P., Shapiro, Hawkins and Suozzi, JJ., concur.