◼ In the Matter of SONIA ANDERSON, Petitioner, v BLANCHE BERNSTEIN, as Commissioner of the New York City Department of Social Services, et al., Respondents.—Proceeding pursuant to CPLR article 78, *inter alia,* to review a determination of the Commissioner of the New York State Department of Social Services, dated July 28, 1977, which, after a statutory fair hearing, affirmed a determination of the local agency to discontinue a grant of aid to dependent children to the petitioner. Petition granted to the extent that the determination is annulled, on the law, without costs or disbursements, and the matter is remitted to the State commissioner for a further hearing in accordance herewith. The petitioner applied for public assistance in March, 1977 for herself and five children, including three children under the age of three by her husband Errol Anderson. Her application stated, *inter alia,* that she was employed and that her sole source of support was her wages. The State commissioner determined that the petitioner failed to disclose that she was receiving $60 in biweekly support payments from her husband. The basis for the determination was a signed statement by the husband and a report prepared by an unidentified worker for the agency ("Special Tasks Section Worksheet"). Neither the husband nor the worker was present at the hearing. In his statement dated April 19, 1977, the husband reported that he was unemployed, that he was receiving $90 per week in unemployment benefits and that he has a father and a nine-year-old son (who is apparently not one of the children for whom the petitioner is seeking assistance) who are dependent upon him. According to the worksheet, the husband reported to the agency in April, 1977 that he had been sending the petitioner biweekly money orders, with the exception of the period from February 16, 1977 to March 16, 1977, and that he would continue to send biweekly payments of $60. The worksheet states that the

husband produced 12 money order slips payable to the petitioner, drawn on a named bank, and lists them by date and amount. The money order receipt numbers are not shown. The petitioner testified that she received the last money order from her husband in February, 1977; that when he ceased supporting the family, she no longer permitted him to visit the children; that at a proceeding in the Family Court initiated by him to obtain visitation rights, he informed the Family Court Judge that he was not supporting the children because he was unemployed; and that, at the advice of the Family Court Judge, she brought a support proceeding against him which was pending at the time of the fair hearing. In our opinion, the evidence adduced was insufficient to overcome petitioner's testimony that she received no support payments from her husband after February, 1977 (see *Matter of Lausell v Lavine,* 55 AD2d 649; *Matter of Ford v Dumpson,* 47 AD2d 621; *Matter of Cedeno v Lavine,* 46 AD2d 687). However, there may be other ways to prove receipt of the money by petitioner, and we, therefore, remit the matter to the State commissioner to provide that opportunity (see *Matter of Lausell v Lavine, supra).* Damiani, J. P., Rabin, Gulotta and O'Connor, JJ., concur.