■ In the Matter of Arcelia Bermudez, Appellant, v Barbara B. Blum, as Commissioner of the New York State Department of Social Services, et al., Respondents.—Order, Supreme Court, Bronx County, en-

tered March 30, 1979, dismissing petitioner's article 78 proceeding, unanimously reversed, on the law, without costs or disbursements, the petition reinstated and granted. At the fair hearing, after service of a notice of intent to discontinue public assistance, the New York City Department of Social Services presented one witness, whose function it was to place in evidence agency records. Thus, in support of its position that petitioner had, without good cause, failed to accept employment, thereby subjecting herself to a disqualification from a grant of public assistance for 30 days (18 NYCRR 385.7 [a]), the agency relied entirely upon documentary evidence. One of the documents noted that "applicant refused to try job. Said she never worked piece work." The agency representative stated that the prospective employer was the source of that information. Petitioner has consistently taken the position that the prospective employer would not hire her because of her inexperience. As laudable as are the city agency's efforts to place qualified assistance recipients in gainful employment, this determination cannot stand because of a lack of competent evidence to support the finding that petitioner was offered and refused to accept employment without good cause. (*Matter of Hagood v Berger,* 42 NY2d 901.) While an administrative determination, after fair hearing, may be supported by hearsay, it may not be based entirely thereon. (*Matter of Ford v Dumpson,* 47 AD2d 621.) Contrary to the agency's contention, the case for refusal was not made from petitioner's testimony. Moreover, the agency failed to comply with 18 NYCRR 358.9 (g), which requires the appearance at the hearing of the person who made the determination to disqualify or was responsible therefor. The failure of such person to appear deprived petitioner of the opportunity to cross-examine as to the meaning of the documents. (*Matter of Ford v Dumpson,* 47 AD2d 621, *supra; Matter of Van Wagner v Van Lare,* 86 · Misc 2d 794.) We should note that our determination is not to be construed as requiring the appearance of the employer at the hearing. We realize how impractical and burdensome such a directive would be. Finally, petitioner's claim for attorneys fees under section 1988 of title 42 of the United States Code, raised for the first time on appeal, and asserted against a State agency because of its interpretation of a State regulation, is without merit. (See *Matter of Bess v Toia,* 66 AD2d 844.) Concur—Kupferman, J. P., Birns, Fein, Sandler and Sullivan, JJ.