(January 31, 1980)

■ VICTORIA SMITH, Respondent, v JOHNSON PRODUCTS CO., INC., et al., Respondents, and WOLKOW & SONS, Appellant.—Order, Supreme Court, New York County entered on January 19, 1979, unanimously affirmed, without prejudice to renewal after discovery of Lawndale Products, Inc., without costs and without disbursements. No opinion. Concur—Murphy, P. J., Kupferman, Silverman, Bloom and Lynch, JJ.

■ In the Matter of the SOCIETY OF NEW YORK HOSPITAL, as Attorney in Fact for JAMES RODGERS, Petitioner, v BLANCHE BERNSTEIN, as Commissioner of the New York City Department of Social Services, et al., Respondents.—Determination of Barbara Blum, Acting Commissioner of the Department of Social Services of the State of New York, dated January 3, 1978, affirming after a "fair hearing" the determination of Blanche Bernstein, Commissioner of the New York City Department of Social Services, dated July 12, 1977, to deny medical assistance benefits (Medicaid) to James Rodgers, on behalf of his son John Rodgers, age 17, unanimously annulled, on the law, without costs or disbursements, and the petition granted to the extent of remanding the matter for further proceedings. An administrative determination, to be upheld, must be supported by substantial evidence *(300 Gramatan Ave. Assoc. v State Div. of Human Rights,* 45 NY2d 176). No such evidence is found in the record. The only "evidence" introduced by the New York City Department of Social Services (the Agency) at the "fair hearing" that petitioner (James Rodgers) failed to respond to the Agency's request for information, was comprised of unsubstantiated Agency documents and the testimony of a social worker who had no personal knowledge of the facts of the case (see, e.g., *Matter of Hagood v Berger,* 42 NY2d 901; *Matter of Gobern v Dumpson,* 49 AD2d 831). Although an administrative hearing is not limited by the strict rules of evidence, its decision must be supported by some evidence acceptable in a court of law *(Matter of Roach v Toia,* 58 AD2d 652). Thus the "evidence" here does not meet the "substantial evidence" test. Accordingly, annulment of the determination is warranted. It is noted that the State has indicated in this proceeding that it favors a remand of the case for reconsideration on the merits. Concur—Murphy, P. J., Birns, Fein, Lupiano and Ross, JJ.