■ In the Matter of DONNA BODDEN, Petitioner, v BARBARA BLUM, as Commissioner of the New York State Department of Social Services, et al., Respondents. — Proceeding pursuant to CPLR article 78 to review a determination of the State Commissioner of Social Services, dated February 25, 1981, and made after a statutory fair hearing, which affirmed a determination of the local agency to discontinue petitioner's grant of Aid to Dependent Children. Petition granted, determination annulled, on the law, without costs or disbursements, and respondents are directed to reinstate petitioner's grant of assistance for the period in question. The only evidence offered in support of the determination that petitioner had unreported employment income during the period in question consisted of a Department of Social Services computer printout bearing the name of "Donna Badden" (petitioner's name is Donna Bodden), an unverified agency form executed by the petitioner's alleged employer bearing, *inter alia,* the petitioner's name and Social Security number but a different address (i.e., the address of petitioner's mother), and entries from the petitioner's case file made by employees of the local agency who neither testified nor attended the fair hearing. The local agency presented no witnesses, and apparently did not even attempt to subpoena the payroll records of the petitioner's alleged employer. In our opinion, the undifferentiated hearsay evidence adduced at the fair hearing was legally insufficient to overcome petitioner's unequivocal denial of employment. As this court has repeatedly stated, " '[w]hile respondent is not bound strictly by rules of evidence at hearings held by the department, evidence of the type found here does not even approach minimum standards of fairness' " (*Matter of Cedeno v Lavine,* 46 AD2d 687; see *Matter of Roach v Toia,* 58 AD2d 652; *Matter of*

*Bolden v Toia,* 55 AD2d 677; cf. *Matter of Woodley v Lavine,* 54 AD2d 912). In addition, as the State commissioner effectively concedes, the respondents were without authority to terminate the grant of assistance to the petitioner's four children based on petitioner's failure to co-operate with the local agency, in the absence of any demonstration of a present lack of need on their part (see *Matter of Gunn v Blum,* 48 NY2d 58; *Colon v Shang,* 74 AD2d 559). Damiani, J. P., Lazer, Gulotta and O'Connor, JJ., concur.