■ In the Matter of MICHAEL RAY et al., Petitioners, v BARBARA BLUM, as Commissioner of the New York State Department of Social Services, et al., Respondents. — Determinations unanimously annulled and petitions granted, with costs. Memorandum: In this CPLR article 78 proceeding petitioners Ray and Tack seek to annul determinations of the New York State Department of Social Services which discontinued their public assistance benefits pursuant to section 164 of the Social Services Law and 18 NYCRR 385.8. We conclude that the determinations after fair hearings are not based on substantial evidence (300 Gramatan Ave. Assoc. v State Div. of Human Rights, 45 NY2d 176), and must therefore be annulled. The regulations giving rise to discontinuance of public assistance benefits to petitioners provide that a recipient's "assistance shall be discontinued if he willfully fails, without good cause, to * * * (vi) accept referrals to report to, or participate in, a supported work project or work relief on a public work project" (18 NYCRR 385.7 [a] [2] [vi]). Such sanction is intended to be imposed in the instance of a recipient's willful refusal of employment (see Social Services Law, § 131, subd 5; Matter of Hall v D'Elia, 82 AD2d 885, 887; Matter of Meadows v Berger, 56 AD2d 630). There is not adequate proof on the record before us that petitioners Ray and Tack willfully refused to accept employment. Ray was assigned to a public work project at the Village of Wolcott on April 18, 1980. He was told to report three full days per week but was instructed not to report on rainy days. During his second week on the job, Ray was assigned to work Monday, Tuesday and Wednesday. Because of rain he worked only two and one-half hours on Monday and did not work on Tuesday. He worked eight hours on Wednesday but did not report again that week. At the fair hearing he testified that he was not told to report further that week. The only contrary evidence was a letter from Kenneth Mettler, the project foreman, stating that Ray had been told to report to work on Friday. In upholding the termination of Ray's benefits, the administrative law judge and the commissioner found that Ray's assertion that he was not told to report on the day in question was contradicted by the Mettler letter and was without merit in view of the fact that Ray had made no inquiries regarding his duty to report although he was aware of his obligation to work three full days per week. The facts in petitioner Tack's case are somewhat different. On August 25, 1980 the department sent a letter to Tack informing him to contact the project supervisor at the Sodus landfill work project by August 29, 1980. At the fair hearing Tack testified he did not receive the letter; that his mail was sent to his parents' residence; and that family members had encountered problems with receipt of mail at that address in the past. Tack further testified

that the first notice he received from the department was the notice that his public assistance grant would be discontinued. Petitioner contacted the agency and learned that his benefits had been discontinued as a result of his failure to report to the supervisor at the work project. He thereafter contacted the project supervisor who advised that he was unable to supply transportation to the work site which was approximately 15 miles from Tack's home and for which there was no available public transportation. The sole evidence introduced by the department was a copy of the notice to Tack advising him to contact the supervisor of the landfill project. On that evidence petitioner's public assistance benefits were discontinued. The commissioner found Tack's testimony that he had never received the letter from the agency was not credible in view of the fact that the letter was mailed in the regular course of agency business and was not returned. At both fair hearings the department was represented by the same individual, who lacked firsthand knowledge of the circumstances leading to the petitioners' discharge. The department thus failed to follow its own regulations which require the appearance of the person responsible for the determination to discontinue a petitioner's public assistance (18 NYCRR 358.9 [g]; see *Matter of Van Wagner v Van Lare*, 57 AD2d 719). Where a factual dispute exists and the department fails to produce persons with firsthand knowledge of the grounds for discontinuance of benefits, the fair hearing determination must be annulled (see *Matter of Hagood v Berger*, 42 NY2d 901; *Matter of Roach v Toia*, 58 AD2d 652; *Matter of Van Wagner v Van Lare, supra; Matter of Ford v Dumpson*, 47 AD2d 621; *Matter of Del Valle v Sugarman*, 44 AD2d 523). While hearsay evidence is admissible in an administrative hearing (*Matter of Erdman v Ingraham*, 28 AD2d 5), a determination must be supported by some substantial evidence which is acceptable in a court of law (*Matter of Roach v Toia, supra*) and which approaches a minimum standard of fairness (*Matter of Ford v Dumpson, supra; Matter of Del Valle v Sugarman, supra*). Inasmuch as the department produced no witness to contradict Ray's statement that he was not informed that he was to report on the day in question, there is insufficient evidence in the record to support a finding that Ray willfully refused to report for his work obligation. Petitioner Tack maintained that he did not receive a letter from the agency advising him to contact the work project supervisor. Additionally, he argued that the employment referral was unsuitable since he had no means of transportation. The department produced no one with firsthand knowledge of the reasons for discontinuance of Tack's benefits. The only evidence introduced by the department was a copy of the letter allegedly mailed to Tack on August 25, 1980. Evidence that a letter is properly addressed, stamped and mailed is ordinarily presumptive evidence of delivery provided that an adequate foundation is laid to show that the letter was actually mailed or that customary office practice in the mailing of such correspondence was followed (Richardson, Evidence [Prince, 10th ed], § 80). Here the department produced no one with personal knowledge that the letter had actually been sent or that the usual practices of the department in sending such notices were followed. Additionally, the agency acknowledged that it was aware that Tack lacked private transportation and did not dispute the fact that public transportation was unavailable. Department regulations specifically provide that "[a] person shall be deemed not to have refused without good cause to accept employment if evidence shows that * * * (6) transportation by public carrier or private means between the applicant's or recipient's home and the place of employment was unavailable" (18 NYCRR 385.7 [c] [6]). Hence, the determination that petitioner Tack willfully failed to accept referral to a public work project is not based on substantial evidence. (Article 78 proceeding transferred by order of Supreme Court, Monroe County,

Wagner, J.) Present — Simons, J. P., Callahan, Denman, Moule and Schnepp, JJ.