■ In the Matter of JUDITH H. FRANK, Petitioner, v BARBARA BLUM, as Commissioner of the New York State Department of Social Services, et al., Respondents. — Determination unanimously annulled and petition granted, with costs. Memorandum: In this CPLR article 78 proceeding, petitioner seeks to annul a determination of respondent, New York State Department of Social Services, which, after a fair hearing, discontinued aid granted to her under the Cattaragus County Aid to Families with Dependent Children, on the grounds that her husband's absence from the home was a matter of convenience only and petitioner failed to disclose receipt of disability checks from her husband, in violation of 18 NYCRR 351.1 (b). At the fair hearing, a case examiner testified that petitioner informed her at a routine recertification interview that her husband had rejoined the household because of a leg injury and was not collecting disability. Subsequently, the examiner was advised by an anonymous telephone caller that petitioner's husband had received his disability check. At about the same time, petitioner informed her caseworker that her husband had received his disability check but had moved out. The husband's employer verified resumption of his employment as of February 1, 1982 and that their records listed dual residences for him at a hotel in Little Valley, New York, and also at petitioner's address. There is no evidence in this record of any

visit or inspection of petitioner's residence by the caseworker. Upon our review of the record, we find no evidence other than the caseworker's speculation that petitioner failed to promptly inform the agency of any changes in her home situation. When the only witness called by the agency was its representative who had no knowledge of the facts, except for her review of the report, the substantial evidence standard is not satisfied (*Matter of Bolden v Toia,* 55 AD2d 677; *Matter of Del Valle v Sugarman,* 44 AD2d 523). Since the determination is not based on substantial evidence, it must be annulled (*Matter of Hagood v Berger,* 42 NY2d 901; *Matter of Ray v Blum,* 91 AD2d 822; *Matter of Henny v Weinberg,* 80 AD2d 831). (Article 78 proceeding transferred by order of Supreme Court, Cattaraugus County, Newman, J.) Present — Callahan, J. P., Denman, Boomer, O'Donnell and Schnepp, JJ.