■ In the Matter of MILDRED PARHAM, Appellant, v CESAR PERALES, as Commissioner of the New York State Department of Social Services, et al., Respondents.—Proceeding pursuant to CPLR article 78 to review a determination of the respondent New York State Commissioner of Social Services, dated February 19, 1986, and made after a statutory fair hearing, which affirmed a determination of the New York City Department of Social Services restricting the petitioner's medical assistance authorization to one primary care provider.

Adjudged that the petition is granted, on the law, the determination is annulled, without costs or disbursements, and the respondents are directed to remove the restriction upon the petitioner's medical assistance.

On August 28, 1985, the New York State Department of Social Services restricted the petitioner, a medical assistance recipient, to a single primary care provider on the ground that she had misused medical services.

The petitioner contested this determination by requesting a statutory fair hearing which was conducted on January 7, 1986. On February 19, 1986, the respondent State Commissioner affirmed the determination of the local agency, and this proceeding followed.

The petitioner contends that it was improper to conduct the fair hearing in the absence of an individual with personal knowledge of the facts underlying the local agency's determination. 18 NYCRR 358.9 (g) requires that the social services official who is proposing to discontinue, suspend or reduce assistance shall "take such action to assure that the person who made the determination to discontinue, suspend or reduce assistance, or who is responsible therefor, shall appear at the hearing".

Here, there was nothing to show that the representative who appeared at the fair hearing was the person who made the determination to restrict the petitioner, nor even that he had any personal knowledge of the facts underlying it. Rather, he merely read the "Summary Assessment" of the "Medical Review Team" into the record and referred to claims made by various health care providers set forth in computer printouts.

Under these circumstances, we conclude that the fair hearing was conducted in violation of the agency's own regulation (see, 18 NYCRR 358.9 [g]; Matter of Carabello v Perales, 117 AD2d 598; Matter of Ray v Blum, 91 AD2d 822). Since the only witness called by the agency had no knowledge of the

facts except for her own review of the case record, the substantial evidence standard was not satisfied (see, Matter of Carabello v Perales, supra; Matter of Frank v Blum, 98 AD2d 966; Matter of Bodden v Blum, 89 AD2d 588).

In view of our determination, it is unnecessary to reach the other issues raised by the petitioner. Brown, J. P., Eiber, Kunzeman and Sullivan, JJ., concur.