In the Matter of the Application of THE PEOPLE OF THE STATE OF NEW YORK, by GEORGE S. VAN SCHAICK, as Superintendent of Insurance of the State of New York, for an Order to Take Possession of the Property of and Rehabilitate the WESTCHESTER TITLE & TRUST COMPANY. In the Matter of a Plan of Readjustment, Modification and Reorganization of the Rights of the Holders of Mortgage Investments in a Group of Mortgages Guaranteed by WESTCHESTER TITLE & TRUST COMPANY and Designated as Mortgage No. 7121. CLARK, GAGLIARDI, CUNNINGHAM & BAILEY, Attorneys for Trustees, etc., Appellants.— Order granting an allowance of $773.50 plus disbursements to appellants as attorneys for the trustees for the period from July 25, 1936, to June 30, 1937, modified by increasing said allowance from $773.50 plus disbursements of $45.52, to $2,000 plus said disbursements; and as so modified, affirmed in so far as an appeal is taken therefrom, with ten dollars costs and disbursements, payable out of the trust estate, to appellants. No opinion. Lazansky, P. J., Hagarty, Davis, Johnston and Close, JJ., concur.

In the Matter of the Application of HENRY TRAUTH, JR., Petitioner, for a Certiorari Order against CHARLES A. HARNETT, Commissioner of Motor Vehicles of the State of New York, Respondent.— Determination of the Commissioner of Motor Vehicles, suspending petitioner's license for fifteen days, annulled, with fifty dollars costs and disbursements to petitioner, and the Commissioner directed to restore the license. The hearing did not disclose any violation of section 58 of the Vehicle and Traffic Law. The only evidence came from the petitioner and it revealed that the pedestrian involved in the incident lurched into the side of petitioner's car. At no time does it appear that the pedestrian was ever in the path of petitioner's car or that he was visible to the petitioner, under the weather and light condition then prevailing, as he approached the intersection. If the incident were the proper subject of a disciplinary inquiry it should have been brought on shortly after the occurrence, and if delay was unavoidable the inquiry should have been postponed until after the civil trial between the pedestrian and the petitioner had concluded. Lazansky, P. J., Carswell, Adel, Taylor and Close, JJ., concur.