■ In the Matter of Walter Protnicki, Respondent, v. New York State Department of Civil Service et al., Appellants. In the Matter of Anthony Venditti et al., Respondents, v. New York State Department of Civil Service et al., Appellants. In the Matter of Adolph Jegier, Respondent, v. New York State Department of Civil Service et al., Appellants.— Appeal by the New

York State Department of Civil Service and its constituent members from an order of Special Term, Supreme Court, Schenectady County, entered in an article 78 [Civ. Prac. Act] proceeding in the nature of prohibition which restrained them from continuing a pending proceeding instituted pursuant to section 25 of the Civil Service Law to rescind an eligible list established by a Municipal Civil Service Commission insofar as the names of respondents appear thereon and to cancel their appointments heretofore made therefrom upon the ground that the provisions of the Civil Service Law were not properly or sufficiently carried out. The employment of the extraordinary and little-favored remedy of prohibition is justified only in cases of extreme necessity when the grievance cannot be redressed by an ordinary proceeding at law. (*People ex rel. Livingston* v. *Wyatt*, 186 N. Y. 383, 394; *Matter of Zelter* v. *Nash*, 285 App. Div. 1214; *Matter of Kaney* v. *New York State Civ. Serv. Comm.*, 190 Misc. 944, affd. 273 App. Div. 1054, affd. 298 N. Y. 707.) Such is not the case here. The mandamus and other provisions of article 78 of the Civil Practice Act afford adequate and available remedies both *pendente lite* and final whereby a determination by the State agency adverse to respondents may be challenged and if found to be arbitrary, capricious or illegal annulled. (*Matter of Kaney* v. *New York State Civ. Serv. Comm.*, *supra*; Civ. Prac. Act, §§ 1296, 1299.) We decide no other question. Order reversed on the law and petition dismissed, without prejudice and without costs. Bergan, P. J., Coon, Gibson, Reynolds and Taylor, JJ., concur.