In the Matter of WILLIAM C. DOW, Petitioner, v. VINCENT L. TOFANY, as Commissioner of Motor Vehicles, Respondent.— REYNOLDS, J. Proceeding

pursuant to CPLR article 78 seeking to annul a determination of the Commissioner of Motor Vehicles revoking petitioner's chauffeur's license for refusal to submit to a blood test to determine the alcoholic content of his blood (Vehicle and Traffic Law, § 1194, subd. 1). Petitioner contends that the determination should be annulled on the grounds that he was deprived of due process of law in that 10 months and 11 days elapsed between the first scheduled hearing which was adjourned without any evidence being taken and the hearing at which evidence was taken and his license revoked; that he did not refuse to submit to the test; and that his arrest for driving while intoxicated was not justified. Admittedly, a license to operate a motor vehicle may not be taken away except by due process (*Matter of Wignall* v. *Fletcher*, 303 N. Y. 435, 441). There is no contention, however, that the essential elements of a fair trial were not present at the hearing when it was held and the statute in effect at the time of petitioner's arrest (Vehicle and Traffic Law, § 1194, subd. 1) did not expressly entitle the petitioner to a speedy hearing (cf. Code Crim. Pro., § 8, subd. 1) nor fix a time within which the hearing must be initiated or concluded, but petitioner acquiesced in the time lapse by agreeing to the adjournment and not requesting an earlier hearing. The petitioner possessed his driver's licenes during the period before final determination. Accordingly, we find no violation of the requirements of due process. The fact that petitioner's new occupation requires his use of an automobile, of course, has no bearing in the case. Nor is there any merit in petitioner's further contentions that he did not refuse to submit to the test and that his arrest was not justified. The record shows two timely requirements by the arresting officer, the petitioner replying to one such requirement, " No, I am more sober than you are ", and the other, " Why should I? I am as sober as you are." The record also reveals that petitioner forced the police car off the road and nearly collided with a parked car. The arresting officer also testified that petitioner had staggered when he walked, his eyes were bloodshot and the smell of alcohol was present on the petitioner. On this state of the record the factual determination that petitioner refused to submit to the test (*Matter of Neet* v. *Hults,* 26 A D 2d 970) and that there were reasonable grounds upon which to predicate an arrest for driving while intoxicated (*Matter of Sowa* v. *Hults,* 22 A D 2d 730; *Matter of Taylor* v. *Kelly,* 5 A D 2d 931) cannot be disturbed. Determination confirmed, without costs. Herlihy, J. P., Reynolds, Aulisi, Staley, Jr., and Gabrielli, JJ., concur in memorandum by Reynolds, J.