Marshall E. Livingston, J.
This motion is brought by defendants to dismiss a complaint, which alleges that the defendant City of Rochester breached a contract with a suburban fire district outside the city limits. The contract was made on behalf of the inhabitants of the Point Pleasant Fire District qnd related to the relay of calls authorizing and dispatching *95 fire equipment to the district when required, pursuant to section 209-p of the General Municipal Law.
On December 23, 1966, a fire occurred in the plaintiffs’ home. Many telephone calls were made to the only number supplied by the city to report the fire and secure assistance. The individual defendants, as city employees, are alleged to have been absent from their posts or derelict in their duties, so that firefighting equipment, when subsequently dispatched by the city, arrived too late, and the loss occurred.
The complaint of the plaintiffs essentially sets forth two causes of action: first, that the defendant city and the defendant employees negligently breached the agreement and are, therefore, liable to plaintiffs for the damages to their home resulting from the fire; and second, that, pursuant to the agreement, the defendant city established rules and regulations pertaining to the contract and that the defendant employees negligently performed their duties pursuant to these rules and that the defendant city and they are liable to plaintiffs for this dereliction.
Despite the waiver of sovereign immunity by section 8 of the Court of Claims Act, the city claims it is not liable to these plaintiffs because, ‘ ‘ a municipality is not liable [to its citizens] for failure to supply * * * fire protection” (Motyka v. City of Amsterdam, 15 N Y 2d 134, 138).
In Motyka the claim was against the City of Amsterdam by a citizen of that city for negligence because the city violated a statute. The court held that no liability is east upon a city for private damage resulting from failure to enforce the Multiple Residence Law. Judge Van Vooehis then says (Motyka v. City of Amsterdam, p. 139) :
“ The rule [is] that liability arises out of a statute only in limited instances where disregard of the command of the statute results in damage to one of the class for whose especial benefit the statute was enacted. * * *
“In the case of municipalities, as of other defendants, tort liability has been held to exist where there has been some relationship on the part of the defendant to the plaintiff creating a duty to use due care for the benefit of particular persons or classes of persons * * * but we have never gone so far as to hold that a general liability exists to the public for civil damage in event of failure to supply adequate police or fire protection.”
Likewise, in Moch Co. v. Rensselaer Water Co. (247 N. Y. 160) a public service water corporation under a positive statutory duty (because of the Transportation Corporations Law) to *96 furnish water for the extinguishment of fires is not rendered liable for damage caused by a fire started by another because of a breach of the statutory duty.
Defendant City of Rochester also claims it is entitled to the benefit of the Steitz doctrine, as enunciated in Steitz v. City of Beacon (295 N. Y. 51).
However, in Steitz the claim was made by a citizen of Beacon, New York against the city by reason of the breach of the statutory authority of the city under its charter permitting it to maintain a fire protection system. The case held the city was not liable to its citizen plaintiff by reason of negligence in maintaining water pressure whereby the citizen’s property was destroyed.
In my judgment, in this action we do not have a situation covered by the Steitz doctrine type of case. Here, the contract between the city and the Point Pleasant Fire District for a 24-hour fire alarm communications relay service was entered into pursuant to the authority of section 209-p of the General Municipal Law, which provides as follows: “ The fire department of any city may accept any calls for aid in cases of fire or other emergencies made to its fire headquarters from territory outside the city and may relay such calls for aid in fires or other emergencies by such means as may be expedient to the fire department, fire company or fire district serving said territory. This section shall apply only to cities participating in any legally authorized or recognized plan for furnishing mutual aid in cases of fire and other emergencies in which the services of firemen would be used. Any city, village or fire district, any town which has a town fire department, or any town board on behalf of a fire protection district, fire alarm district or territory outside any such municipal corporation or district, for which aid is to be furnished, may contract with a city to accept and relay such calls, as aforesaid, and the amounts payable under any such contract shall be a lawful charge against and paid as contracted for by the city, village, fire district, town which has a town fire department, fire protection district, fire alarm district or territory outside any such municipal corporation or district. Any city accepting and transmitting fire calls from territory outside the city, pursuant to any such contract, shall not be liable for any injury or death to persons or damage to property as the result thereof, when it, in good faith, complies with or attempts to comply with the provisions of this section (Italics supplied.)
The Point Pleasant Fire District on behalf of the territory it served and within which the plaintiffs lived and paid taxes, some *97 of which were allocated to fire protection, contracted with the city to accept and relay calls for aid in case of a fire. íhe standard of liability of the city is fixed by the last sentence of section 209'-p of the General Municipal Law.
The complaint here alleges in substance that the city neither complied with nor attempted to comply with its contractual duty to accept and relay calls for aid. It is alleged further, pursuant to the contract with the Point Pleasant Fire District and other contracts for mutual aid, that the only authorized way for assistance to be rendered was through the telephone number supplied by the city. Thus the statutory standard of no liability on the city when it, in good faith, complies with or attempts to comply with the provisions of section 209-p of the General Municipal Law, is not applicable here.
The fire district specifically on behalf of a specified class, to wit, the persons within the fire district, contracted with the defendant city, which allegedly did not, in good faith, comply with or attempt to comply with the contract it had made. The contract of the city with a fire district outside of the munieipaliy was made specifically on behalf of the territory to be served, including the plaintiffs here.'
Therefore, this action does not fall within the rule of the Steits doctrine, but rather within the exception pointed out in Motyka v. City of Amsterdam (15 N Y 2d 134, 139, supra). The motion is dismissed.