■ RICHARD M. TUTHILL et al., Respondents, v. CITY OF ROCHESTER et al., Appellants.— Order unanimously reversed, without costs, motion granted, and complaint dismissed. Memorandum: The complaint fails to allege facts to support any cause of action against defendants. Plaintiffs were residents of the Point Pleasant Fire District which had contracted with the City of Rochester for relaying calls for fire assistance, to the district's fire department. Plaintiffs' home was destroyed by fire and they charge negligence because of the failure of the city (and its agents) to have personnel present to handle the distress call and, further, because it failed to establish safety regulations for use of the relay system. The contract between the city and Fire District created no especial duty nor benefit running to plaintiffs individually and at best was for the benefit of the general public. Here, as in *Moch Co.* v. *Rensselaer Water Co.* (247 N. Y. 160) plaintiffs have not shown that their benefit under the contract is either primary or immediate. Under these circumstances there is no liability to plaintiffs. (See *Riss* v. *City of New York,* 22 N Y 2d 579; *Motyka* v. *City of Amsterdam,* 15 N Y 2d 134; *Steitz* v. *City of Beacon,* 295 N. Y. 51.) Reliance on section 209-p of the General Municipal Law to establish a basis for tort responsibility is unavailing, since the section creates neither a new duty nor liability any greater than existed under common law. (Appeal from order of Monroe Special Term denying motion to dismiss complaint.) Present — Del Vecchio, J. P., Marsh, Gabrielli, Moule and Henry, JJ. [57 Misc 2d 94.]

■ In the Matter of FRANK SLIMACK, Respondent, v. VINCENT L. TOFANY, as Commissioner of Motor Vehicles, Appellant.— Judgment unanimously reversed, without costs, and petition dismissed. Memorandum: The denial by the Hearing Referee of the motion by petitioner's attorney to dismiss the charge that petitioner refused to submit to a chemical test to determine the alcoholic content of his blood, by reason of a Deputy Sheriff's failure to appear on the first hearing date, and the Referee's adjournment of the matter to a later date, did not constitute an abuse of discretion and his rulings were not arbitrary and capricious. (Appeal from judgment of Cayuga Special Term annulling determination of Commissioner which revoked operator's license.) Present — Del Vecchio, J. P., Marsh, Gabrielli, Moule and Henry, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. WILLARD R. MESSICK, Appellant, v. PETER R. SORENSEN, as Buffalo Area Director of New York State Division of Parole, Respondent.— Judgment unanimously affirmed. Memorandum: Contrary to the statement of Special Term, we find that the Clinton County Judge did make a reviewable record. A question of fact was presented as to whether or not defendant was armed at the time of the commission of the crime. We find that habeas corpus was a proper remedy. (*People ex rel. Romano* v. *Brophy,* 280 N. Y. 181 and 707.) (Appeal from judgment of Erie Special Term dismissing writ of habeas corpus.) Present — Goldman, P. J., Marsh, Witmer, Moule and Bastow, JJ.