■ In the Matter of WYAMON E. BROWN, Respondent, v. VINCENT L. TOFANY, as Commissioner of Motor Vehicles, Appellant.— Judgment unanimously reversed on the law and facts, without costs, and petition dismissed. Memorandum: The Commissioner of Motor Vehicles appeals from a judgment of Onondaga Special Term permanently enjoining him from holding further hearings under section 1194 of the Vehicle and Traffic Law for suspension of respondent's operator's license for refusing to submit to an alcohol blood test. The judgment is based on the allegations of respondent's petition in an article 78 proceeding seeking a judgment of prohibition to restrain appellant from proceeding in excess of his jurisdiction. Petitioner alleges that after his refusal to take a chemical test to determine the alcoholic content of his blood, he was served with a notice of hearing to determine whether his driver's license should be revoked because of such refusal. He attended two scheduled hearings but no testimony was taken because of the failure of the arresting officer to appear. His motion to dismiss the proceeding was denied by the Hearing Referee and he prays that the Commissioner be restrained from continuing to harass him by requesting his return for another hearing. A proceeding in the nature of prohibition is an extraordinary remedy for unusual cases, resorted to, not to correct errors but in aid of substantial justice and to forbid the exercise of unauthorized power (*Matter of Lyons* v. *Goldstein,* 290 N. Y. 19) and should not issue except in cases of extraordinary circumstances or extreme necessity. (*Duchin* v. *Peterson,* 12 A D 2d 622.) It does not lie unless there is a lack of jurisdiction or an officer is acting or threatening to act in excess of jurisdiction (*Matter of Schick* v. *Kane,* 26 A D 2d 386, 388). A Hearing Referee for the Commissioner of Motor Vehicles has jurisdiction to conduct hearings under section 1194 of the Vehicle and Traffic Law and to adjourn hearings to a later date when the arresting officer fails to appear at a scheduled hearing. (*Matter of Slimack* v. *Tofany,* 32 A D 2d 873.) Having jurisdiction of the hearing, he had power to adjourn it (*Matter of Hogg* v. *Parker,* 20 A D 2d 611, affd. 14 N Y 2d 728; *Matter of Woolever* v. *Beckley,* 25 A D 2d 921). (Appeal from judgment of Onondaga Special Term enjoining hearing.) Present — Goldman, P. J., Witmer, Gabrielli, Moule and Henry, JJ. [59 Misc 2d 736.]