■ In the Matter of MARSHALL A. SEUFERT, Respondent, v. VINCENT L. TOFANY, as Commissioner of Motor Vehicles, Appellant.— Judgment insofar as it reinstates petitioner's license unanimously reversed, on the law, and otherwise judgment affirmed, without costs, and matter remitted to respondent Commissioner of Motor Vehicles for further proceedings in accordance with the following memorandum: Following an accident on November 26, 1972 in Erie County which resulted in two fatalities, respondent Commissioner of Motor Vehicles suspended petitioner's license on January 4, 1973. The record supports petitioner's contention that the suspension imposed and the placing of criminal charges against him, which are still pending, were as a result of these deaths. At a hearing held on August 27, 1973 at petitioner's request, he refused to testify upon the ground that such testimony might tend to incriminate him. There was no eyewitness. The only witnesses who testified were the surviving passenger in the other vehicle, who had no memory of the accident, and one of the two police officers who conducted the accident investigation at the scene. No other witness was called. On this record, the commissioner temporarily suspended petitioner's license, pending his testimony, by order dated October 5, 1973. Special Term annulled the commissioner's order and directed him to reinstate petitioner's license to drive. The pertinent statute is section 510 of the Vehicle and Traffic Law which empowers respondent commissioner to suspend or revoke petitioner's license to drive (subd. 1). Subdivision 3 of the section enumerates the circumstances where the commissioner may impose a "permissive" suspension or revocation (distinguished from mandatory revocations and suspensions which are set forth in subd. 2). The final paragraph (unnumbered) of subdivision 3 provides that "a license * * * may, however, be temporarily suspended without notice, pending any prosecution, investigation or hearing". The statutory language clearly authorized respondent's order of January 4, 1973 which temporarily suspended petitioner's license pending investigation of this fatal accident. The statute (Vehicle and Traffic Law, § 510, subd. 3) may not be construed however to authorize a permissive suspension to be imposed following a hearing solely because petitioner refused to testify with respect to the accident. Such amounts to an open-ended suspension unlimited in time. Since petitioner's license to drive is of great value and is itself a property right (*Matter of Moore* v. *Macduff*, 309 N. Y. 35) within the protection of the Due Process Clause (N. Y. Const., art. I, § 6; *Matter of Breslow* v. *Hults*, 26 A D 2d 931, 932), it may not be taken except by due process of law (*Matter of Wignall* v. *Fletcher*, 303 N. Y. 435, 441; *Matter of Brown* v. *Tofany*, 59 Misc 2d 736). Petitioner's assertion of this Fifth Amendment right to remain silent at the hearing may not serve as a basis for the commissioner to impose any penalty "costly" to petitioner (*Spevack* v. *Klein*, 385 U. S. 511, 515; see, also, *Lefkowitz* v. *Turley* 414 U. S. 70). We conclude, therefore, that Special Term correctly annulled respondent's suspension of petitioner's license. We do not agree, however, that respondent commissioner should be directed to reinstate immediately petitioner's driving privilege. Although the commissioner stated that it was impossible to conclude the hearing without Seufert's testimony, there may, nevertheless, be sufficient cause for the commissioner to act under the applicable provisions of the Vehicle and Traffic Law. In any such action taken the burden of proof shall be upon the People and no charge may be established except by clear and convincing evidence (cf. Vehicle and Traffic Law, § 227, subd. 1). At the further hear-

ing held, therefore, the commissioner has the obligation to produce such witnesses as he deems necessary and advisable. Any determination made, of course, must be based upon competent and sufficient evidence (*Matter of Wignall* v. *Fletcher*, 278 App. Div. 28, 30, affd. 303 N. Y. 435, *supra*; *Jackson* v. *Commissioner of Motor Vehicles of State of New York*, 68 Misc 2d 946, 947). Accordingly, the matter should be remitted for a further hearing before the commissioner under the Vehicle and Traffic Law. (Appeal from judgment of Erie Special Term annulling suspension and reinstating driver's license.) Present — Del Vecchio, J. P., Witmer, Moule, Cardamone and Henry, JJ.