■   RALPH L. LA DUCA et al., Respondents, v TOWN OF AMHERST et al., Appellants, et al., Defendant.—Order unanimously reversed, without costs, motion granted and complaint dismissed as against appellants. Memorandum: In this action to recover the fire damage to their home from the Town of Amherst and Eggertsville Hose Company, grounded upon defendants' alleged negligence in failing to extinguish the fire because of improper fire apparatus, inadequate fire hydrants and insufficient water therein, and also for negligently restraining plaintiffs from reentering their burning home and personally extinguishing the fire, defendants' motion for summary judgment of dismissal of the complaint as against them was denied. The only affidavit submitted by plaintiffs in opposition to the motion was by one of their attorneys, and it was necessarily based upon hearsay. The law is well established that absent special agreement or statute, municipalities are under no duty to protect a citizen's property from damage by fire *(Steitz v City of Beacon,* 295 NY 51, 54-56). General allegations of negligent conduct at the scene of the fire are insufficient to sustain a cause of action on such ground against a municipality *(Messineo v City of Amsterdam,* 17 NY2d 523; *Motyka v City of Amsterdam,* 15 NY2d 134, 139; *Tuthill v City of Rochester,* 32 AD2d 873, affd 27 NY2d 558). Moreover, the allegation that defendants kept plaintiff Edna J. La Duca from entering the house to extinguish the blaze herself, standing alone, even if made directly in her own affidavit, would be insufficient to defeat the motion (see *Messineo v City of Amsterdam, supra);* and a fortiori the hearsay affidavit of her attorney, unsupported by factual allegations indicating negligent or willful conduct in excluding her from the burning house, is insufficient to defeat the motion. (Appeal from order of Erie Supreme Court—summary judgment.) Present— Marsh, P. J., Mahoney, Dillon, Goldman and Witmer, JJ.