■　In the Matter of DONALD F. MINNICK, JR., Respondent, v JAMES MELTON, as Commissioner of New York State Department of Motor Vehicles, Appellant.—Judgment unanimously reversed, without costs, and petition dismissed. Memorandum: Petitioner was arrested for driving while intoxicated on March 1, 1974 and refused to submit to a breathalyzer test. The criminal charge was dismissed on April 26, 1974. On April 22, 1975 respondent sent petitioner a notice of hearing pursuant to subdivision 2 of section 1194 of the Vehicle and Traffic Law to determine whether petitioner's license should be revoked for his refusal to take the chemical test. Thereafter respondent adjourned the hearing and later rescheduled it for July 7, 1975. Petitioner has retained his license since the date of his arrest. This CPLR article 78 proceeding was commenced by order to show cause dated July 2, 1975, seeking permanently to enjoin respondent from conducting the hearing. Petitioner's contention that the scheduling of the hearing approximately 17 months after his refusal to take the test constituted a denial of his right to a speedy trial, was erroneously accepted by the court below. Although a license is a property right and may not be revoked except

by due process of law *(Matter of O'Keefe v Murphy,* 38 NY2d 563; *Matter of Evans v Monaghan,* 306 NY 312; *Matter of Seufert v Tofany,* 43 AD2d 890), revocation in the circumstances here constitutes a civil and not a criminal sanction *(Matter of Barnes v Tofany,* 27 NY2d 74; *Matter of Harmon v Tofany,* 45 AD2d 924). Therefore, the constitutional right to a speedy trial, which relates only to criminal prosecutions, is inapplicable. Additionally, subdivision 2 of section 1194 neither expressly entitles petitioner to a speedy hearing nor does it establish time limits within which a hearing must be held *(Matter of Dow v Tofany,* 29 AD2d 901, 902; cf. CPL 30.30). In scheduling the hearing respondent violated neither legislative enactment nor due process concepts of fair play, particularly in view of the fact that petitioner has retained his license throughout the period of delay and has failed to state any reasonable effort taken to locate his intended witness other than contacting his former employer. (Appeal from judgment of Erie Supreme Court—article 78.) Present—Marsh, P. J., Moule, Cardamone, Mahoney and Dillon, JJ.