Glen D. ANDREWS, Appellee,

v.

OKLAHOMA DEPARTMENT OF
PUBLIC SAFETY, Appellant.

No. 51399.

Supreme Court of Oklahoma.

April 10, 1979.

E. Joe Lankford, Norman, for appellee.

Charles Hill, Dept. of Public Safety,
Oklahoma City, for appellant.

WILLIAMS, Justice.

On the 10th day of May, 1977, Officer
Davidson of the Norman Police Department
arrested appellee (Andrews), believing him
to be driving a motor vehicle while under
the influence of alcohol. Andrews subse-
quently refused to submit to a chemical test
as required by the Oklahoma Implied Con-
sent Law,[1] and a sworn report pursuant to
47 O.S.1975 Supp. § 753 reciting such refus-
al was submitted to the Commissioner of
the Oklahoma Department of Public Safety
(Commissioner, Department).[2]

---

1. 47 O.S.1975 Supp. § 751, Implied consent to
chemical test for determining alcoholic content
of blood, in pertinent part provides that "Any
person who operates a motor vehicle upon the
public highways, streets or turnpikes of this
state shall be deemed to have given consent
subject to the provisions of this act to a chemi-
cal test or tests of his blood or breath, at the
election of the person proposed to be tested, for
the purpose of determining the alcoholic con-
tent of his blood. * * *."

2. § 753 of such Law, Refusal to submit to test,
in part here applicable provides: "If a con-
scious person under arrest refuses to submit to
chemical testing, none shall be given, but the
Oklahoma Commissioner of Public Safety,
upon the receipt of a sworn report of the law
enforcement officer that he had reasonable
grounds to believe the arrested person had
been driving or was in actual physical control
of a motor vehicle upon the public highways,

The Commissioner issued an order revoking appellee's license to drive on May 27, 1977. On June 7, 1977, appellee's attorney made a timely request (received June 10, 1977) for a review hearing before the Commissioner, thus staying revocation.

On the 23rd day of June, 1977, appellee's attorney received a letter from the Department, making reference to a telephone conversation to which the attorney was not a party, confirming a July 18, 1977 hearing date. The parties stipulate to the above facts.

The Department hearing was held on the appointed date and exception was raised to the timeliness of said hearing. Upon overruling this motion the hearing officer proceeded on the merits and sustained the revocation order.

Appellee timely filed an appeal in the District Court of Cleveland County. After a hearing, the court held that the Department was without jurisdiction to hear the matter once the thirty (30) day period for conducting hearing under 47 O.S.1975 Supp. § 754 had expired.[3] From this adverse ruling the Department appeals.

Appellant, Department, argues that it had jurisdiction to revoke appellee's driver's license. Appellee argues that the trial court properly held it did not. Department also argues that appellee's attorney's secretary informed its secretary that such attorney had no open date within a period of thirty days from June 10th, day of receipt of request for hearing and that the attorney had ample opportunity (some 15 days) to object to the July 18th setting after receipt of letter from Department advising him of the date for which hearing was set.

We decline to affirm the holding of the trial court. We have found no authority that would substantiate that view. The Appellate Division of the Supreme Court of New York in 1938 did hold that a "disciplinary inquiry" if warranted "should have been brought on shortly after the occurrence."[4]

In general a hearing to revoke a driver's license must be held in accordance with the statute requiring it.[5] This includes conformity with the statutory provision (fixing) the time for conducting the hearing.[6]

Several decisions from other jurisdictions appear to require reasonable dispatch on the part of the state agency charged with the task of enforcing driver responsibility. The New Jersey Supreme Court said the statute had suggested "a complementary policy entitling an arrested motorist" to

streets or turnpikes while under the influence of alcohol or intoxicating liquor, and that the person had refused to submit to the test or tests, shall revoke his license to drive * * * for a period of six (6) months; * * * subject to review as hereinafter provided * * *."

3. § 754, of such Law, Hearing after revocation of license, is of pertinent provision that "Upon the written request of a person whose privilege to drive has been revoked or denied the Oklahoma Commissioner of Public Safety shall grant the person an opportunity to be heard within thirty (30) days after the receipt of the request, but the request must be made within thirty (30) days after the notice of the revocation is given in accordance with Section 2–116 of Title 47, Oklahoma Statutes. Such a request shall also operate to stay the revocation or denial by the department until a hearing is held * * *."

4. In Trauth v. Harnett, Commr. of Mtr. Veh. of N. Y., 253 App.Div. 920, 2 N.Y.S.2d 344, 345, the Commissioner pursuant to Section 58 of New York's Vehicle and Traffic Law had suspended the driver's license for 15 days. The court annulled the suspension and granted $50.00 costs and disbursements to petitioner. It stated the only evidence was that from petitioner. It showed a pedestrian had lurched into the side of petitioner's car; and that it was not made to appear the pedestrian was visible to petitioner as he approached the intersection. The court then said "If the incident were the proper subject of a disciplinary inquiry, it should have been brought on shortly after the occurrence, and if delay was unavoidable the inquiry should have been postponed until after the civil trial between the pedestrian and the petitioner had concluded."

5. 60 C.J.S. 884 Motor Vehicles § 164.27. Note 91 in pocket supplement cites our 1974 case, Application of Baggett, Okl., 531 P.2d 1011.

6. Ibid.

have proceedings against him pursued "within a reasonable time."[7]

While the courts generally appear to require prompt action on the part of the administrative agencies, they nevertheless recognize the "reasonableness" of delay by the agencies brought on by circumstances not under the control of the agency[8] or actions of the driver[9] or occurring with his consent.[10]

A hearing officer has jurisdiction to conduct a hearing if set for an appropriate time and place and proper notice is given. He then has jurisdiction "to adjourn hearings to a later date" for a proper and sufficient reason.[11] It follows that such officer has "jurisdiction" to set a hearing at a time not unreasonable under the circumstances even though beyond 30 days from receipt of request.[12]

7. See In the Matter of Albert H. Arndt, defendant-appellant, 67 N.J. 432, 341 A.2d 596, 597, a 1975 case. The New Jersey Supreme Court there said "It is clear from this language [of a statute requiring suspension of license unless within 10 days from receipt of the arresting officer's sworn report that the driver had refused to submit to the (breath chemical) test] that the Legislature contemplated that the Director should move promptly to process the violation after notification by the police."

The New Jersey Court there concluded that the administrative authority had conducted the proceeding "with seriously unfair disregard of appellant's rights in the respects noted" and reversed, indicating "the order of suspension should be vacated." In concluding that license revocation proceedings "must meet those incidents of fairness underlying due process" the New Jersey Court cited Bell v. Burson, 402 U.S. 535, 539, 91 S.Ct. 1586, 29 L.Ed.2d 90 (1971). That court further said that the agency's delay "evinced an entire lack of that acute appreciation of justice which should characterize a tribunal charged with such a delicate and important duty * * *" citing Smith v. Bell Tel. Co., 270 U.S. 587, 591, 46 S.Ct. 408, 409, 70 L.Ed. 747 (1926).

8. See the 1969 opinion of the Appellate Division of the Supreme Court of New York in Application of Slimack v. Tofany, Commr., 32 A.D.2d 873, 302 N.Y.S.2d 56 wherein it was held denial of a motion to dismiss charge that petitioner refused to submit to (the test), because a deputy sheriff failed to appear on the first hearing date was not arbitrary and capricious.

9. In a 1961 opinion of the Supreme Court of Illinois (by Schaefer, C. J.), Jewell v. Carpentier, 22 Ill.2d 445, 176 N.E.2d 767, that court considered an order of the Secretary of State suspending the driving privileges of the plaintiff pursuant to a statute authorizing suspension thereof based on conduct proven in a civil case to have occurred in Indiana prior to 1957. The driver had obtained (three) continuances of his administrative hearing from August 21, 1959 until December 1, 1959. He allegedly broke his leg on October 1, 1959 and asserted error because he was refused a fourth continuance past December 1st, 1959. The Illinois

Supreme Court affirmed the Secretary of State's order suspending.

10. See Dow v. Tofany, Commr., 29 A.D.2d 901, 287 N.Y.S.2d 938, 939. There the statute did not expressly entitle petitioner to a speedy hearing nor fix a time within which the hearing must be initiated or concluded. Petitioner acquiesced in the time lapse by agreeing to an adjournment and not requesting an earlier hearing. The suspension of his license was upheld despite the elapse of 10 months between first scheduled hearing and the actual occurrence of the evidentiary hearing.

11. In the 1970 case of Brown v. Tofany, Commr., 33 A.D.2d 984, 307 N.Y.S.2d 268, 269, the court there said a petition for an original writ addressed to its trial division as opposed to an appeal would not lie if the Commissioner had jurisdiction and that he did have jurisdiction in the proceeding under the designated New York statute "to conduct hearings" "and to adjourn hearings to a later date when the arresting officer fails to appear at a scheduled hearing." Therefore the Court reversed the order of the trial judge restraining the Commissioner from proceeding.

In Metschke v. Dept. Mtr. Veh., 186 Neb. 197, 181 N.W.2d 843, the Nebraska Court held it was not error for the hearing officer to have denied a motion for continuance made by the State in the course of the hearing to suspend because of absence of a State witness (officer) where no showing had been "made as to the evidence he will give, its materiality, the diligence employed to have the witness present, and the unavailability of other evidence to eliminate the need for such witness." The court appeared to have no problem with the question of "jurisdiction" had the facts but warranted the hearing officer in granting a continuance.

12. In a 1976 opinion of this Court in the case of Marquardt v. Webb, Commr., 545 P.2d 769, 774, the hearing contemplated by the statutes here under consideration by agreement of the parties was set for a date some 33 days beyond the expiration of the ten-day period (then allowed) from receipt of request for hearing. (The request itself had been received 5 days

We do not here consider the failure to set hearing within 30 days of receipt of request therefor under the circumstances of this case to have been either of jurisdictional effect or unreasonable. We determine that the act of the Department in setting the hearing of appellee's request to vacate the suspension of his driver's license more than thirty days beyond its receipt, was not beyond the jurisdiction of the Department. Nor was the setting of appellee's hearing date for July 18, 1977 unreasonable, particularly since his attorney did not timely object.

In view of the foregoing, we are of the opinion that the order of the district court was erroneous and therefore should be reversed.

REVERSED and REMANDED for further proceedings not inconsistent herewith.

LAVENDER, C. J., IRWIN, V. C. J., and BARNES, SIMMS, DOOLIN, HARGRAVE and OPALA, JJ., concur.

late). We there referred to the hearing below as being an "agreed to" hearing. The driver there involved contended that the time granted by the statute (ten days there, thirty days here) was of mandatory effect. However, we there held the question had become moot. There it was not necessary to adjudicate the appellant's claim that the Commissioner no longer had jurisdiction to conduct a hearing.