John D. Doyle, Esq. County Attorney, Monroe County
You inquire whether a public defender is by statute authorized to represent a person at a Department of Motor Vehicles (DMV) license revocation hearing conducted under section 1194 of the Vehicle and Traffic Law. Secondly, you ask whether an indigent defendant has a right to appointed counsel at the hearing, thereby requiring the public defender to provide legal representation.
Under section 1194 (1) of the Vehicle and Traffic Law, a person who operates a motor vehicle in the State is deemed to have consented to a chemical test to determine alcohol or drug content of his blood. The test must be administered at the direction of a police officer having reasonable grounds to believe such person has operated a vehicle in violation of section 1192. Under section 1192 it is unlawful to operate a motor vehicle while impaired or intoxicated by drugs or alcohol. The section provides for punishment by fine or imprisonment. If a person refuses to submit to the chemical test, having been informed that his driving privileges will be immediately suspended and subsequently revoked, the test may not be given and the police officer is required to make a written report of such refusal (§ 1194 (2), effective January 1, 1981). The report is presented to the Court upon arraignment of the arrested person and his license, permit to drive or non-resident operating privilege must be temporarily suspended by the Court pending the outcome of the DMV hearing (ibid.).
A person whose driving privileges are suspended is entitled to a hearing no later than fifteen days after the date of refusal to submit to the chemical test (§ 1194 (3) (a), effective January 1, 1981). The hearing officer must revoke the person's driving privileges upon a finding that the police officer had reasonable grounds to believe that there was a violation of section 1192, the police officer made a lawful arrest, the person was warned that refusal would result in immediate suspension and subsequent revocation of driving privileges and the person refused to submit to the chemical test (ibid.).
Section 717 of the County Law requires the public defender to represent, at the request of a defendant or by Court order with the consent of the defendant, each indigent defendant who is charged with a crime. A crime is defined as a felony, misdemeanor or breach of any law of the State, or a local government for which a sentence to a term of imprisonment is authorized (County Law, § 722-a). Upon making the required determinations at the DMV hearing under section 1194 (3) (a), the penalty is revocation of the license, permit to drive or non-resident operating privilege and civil fine of one hundred dollars (Vehicle and Traffic Law, § 1194 (3) (b), effective January 1, 1981). Since the penalty does not include sentence to a term of imprisonment there is no statutory authorization for the public defender to represent a person at the DMV hearing (County Law, § 717).
The remaining question is whether through judicial construction, an indigent has the right to counsel at the section 1194 hearing. Presumably, the theory is that determinations made at the DMV hearing will be of some weight at a criminal trial for violations of section1192 of the Vehicle and Traffic Law (evidence of a refusal to submit to a chemical test is admissible in any trial, proceeding or hearing upon a violation of section 1192) (Vehicle and Traffic Law, § 1194 (4)).
Section 1194 of the Vehicle and Traffic Law was amended by chapter 807 of the Laws of 1980. A significant change is the requirement that the DMV hearing be held not later than fifteen days after the refusal to submit to a chemical test. As a result, many DMV hearings will be held prior to the criminal trial for violations of section 1192. The record of the DMV hearing will, in many cases, be available as evidence at the criminal trial.
We were informed that the notice of hearing by the DMV states that the person may appear with counsel. The Department does not decree a right to counsel.
The right to counsel in criminal proceedings is well established (Massiahv U.S., 377 U.S. 201 [1964]; People v DiBiasi, 7 N.Y.2d 544 [1960]). A license to operate an automobile may not be taken away except by due process (Wignall v Fletcher, 303 N.Y. 435 [1952]). Due process requires that a license not be revoked without a statement of charges and an opportunity to present evidence and conduct cross examination (id. at 440). However, in Matter of Fenocchairo v Kelly, 11 N.Y.2d 58 (1962), a case on all fours with the question raised, it was decided that a proceeding to revoke a driver's license for failure to take a chemical test is a civil administrative hearing and that the right to counsel does not apply. The revocation proceeding was brought under a statute which was an earlier version of what is now section 1194. The Court of Appeals concluded that the right to counsel mandated by due process of law is confined to a criminal prosecution (id. at 62; see also Minnick vMelton, 53 A.D.2d 1016 [4th Dept, 1976], which held that license revocation under section 1194 for failure to submit to a chemical test is a civil and not a criminal sanction). A civil administrative proceeding and a criminal action arising out of the same incident are separate and independent of each other. The outcome of one is of no consequence in the other (Matter of Barnes v Tofany, 27 N.Y.2d 74 at 77-78 [1970] [case involved claim of double jeopardy]).
We conclude that a public defender may not represent an indigent person at a DMV license revocation hearing conducted under section1194 of the Vehicle and Traffic Law. There is no right to counsel at the hearing since it is an administrative proceeding and not a criminal action.