OPINION OF THE COURT
Vincent E. Doyle, J.
The petitioner, Daniel N. Maxwell, commenced this proceeding under CPLR article 78 and seeks an order annulling the notice for a hearing to determine whether or not his license should be revoked pursuant to section 1194 of the Vehicle and Traffic Law for his alleged refusal to submit to a chemical test. The petitioner also requests that the Department of Motor Vehicles be permanently restrained and enjoined from holding such a hearing.
Daniel N. Maxwell was arrested and charged with driving while intoxicated on November 2, 1978 and allegedly refused to submit to a chemical test. On November 9,1978, *63 the Department of Motor Vehicles received notice of Mr. Maxwell’s alleged refusal. Evidence was presented to the Erie County Grand Jury on November 23 and November 24, 1978 relative to the charges against Mr. Maxwell and also relative to charges in violation of section 125.10 of the New York Penal Law. The District Attorney filed a prosecutor’s information on December 12, 1978 charging Mr. Maxwell with violation of subdivision 3 of section 1192 and subdivision (a) of section 1180 of the Vehicle and Traffic Law. He pleaded not guilty and demanded a nonjury trial at his arraignment on December 20, 1978, and was tried and acquitted on April 5, 1979. Finally, on January 14, 1980, the Department of Motor Vehicles scheduled a hearing for February 5, 1980 pursuant to section 1194* of the Vehicle and Traffic Law, to investigate Mr. Maxwell’s alleged refusal to submit to a chemical test.
The Department of Motor Vehicles, therefore, delayed scheduling Mr. Maxwell’s hearing for over 65 weeks.
The petitioner contends the extensive delays in scheduling his hearing constitutes a violation of section 301 of the State Administrative Procedure Act which requires that administrative hearings be scheduled within a “reasonable time.”
The respondent opposes the petition on three grounds. First, the respondent argues that an article 78 proceeding may not be used to challenge a determination which is not final and thus the petition must be dismissed for the petitioner’s failure to exhaust administrative remedies.
The commissioner cites section 228 (subd 9, par [a]) and section 263 of the Vehicle and Traffic Law as requiring the petitioner to present his contention first to administrative officials.
Section 228 (subd 9, par [a]) of the Vehicle and Traffic Law states: “No determination of a hearing officer which is appealable under the provisions of this section shall be reviewed in any court unless an appeal has been filed and determined in accordance with this section.” (Emphasis supplied.)
*64 Section 263 of the same law provides: “No determination of the commissioner or a member of the department which is appealable under the provisions of this article shall be reviewed in any court unless an appeal has been filed and determined in accordance with this article”. (Emphasis supplied.)
The petitioner, however, does not bring this proceeding to question any determination as to his alleged refusal to submit to a chemical test or to appeal or overturn any decision made by the Commissioner of Motor Vehicles, but rather to challenge his delay in the scheduling of his hearing as a violation of section 301 of the State Administrative Procedure Act. Essentially, his claim is that the statute makes it illegal for the respondent to delay scheduling the hearing for an unreasonable length of time. The Legislature has declared:
“This act guarantees that the actions of administrative agencies conform with sound standards developed in this state and nation since their founding through constitutional, statutory and case law. It insures that equitable practices will be provided to meet the public interest.
“It is further found that in the public interest it is desirable for state agencies to meet the requirements imposed by the administrative procedure act. Those agencies which will not have to conform to this act have been exempted from the act, either specifically by name or impliedly by definition.” (State Administrative Procedure Act, § 100.)
The procedural requirements of the State Administrative Procedure Act, including section 301, therefore, are mandatory, not discretionary — ministerial, not judgmental — for those agencies which have not otherwise been exempted either specifically by name or impliedly by definition. CPLR 7803 (subd 1) permits a party to bring a proceeding to question whether the body or officer failed to perform a duty enjoined upon it by law.
In addition, as the Court of Appeals said in the recent case, Matter of Hamptons Hosp. & Med. Center v Moore (52 NY2d 88, 96), “An article 78 proceeding may lie in the absence of a final determination where the relief sought is *65 * * * by way of mandamus to compel performance by an administrative agency of a duty enjoined by law.”
Finally, Matter of Minnick v Melton (53 AD2d 1016) which was commenced under CPLR 7803 (subd 1) was decided by the Appellate Division, Fourth Department, on its merits. In Minnick, the petitioner had argued that the commissioner failed to perform his duty in scheduling a timely hearing on the petitioner’s alleged refusal to submit to a chemical test. The matter was not dismissed because it was premature or because the petitioner had failed to exhaust his administrative remedies; instead, the Fourth Department reversed Special Term’s order granting a permanent injunction of the refusal hearing and held that the commissioner had violated neither due process nor any legislative enactment. Minnick, however, was decided before the passage of the State Administrative Procedure Act.
Therefore, in the instant case, the petitioner properly may challenge the commissioner’s delay in scheduling his hearing through this article 78 proceeding.
Second, the respondent opposes the petition on the ground that section 301 of the State Administrative Procedure Act does not apply to the hearing involved in this case. Section 301 of the State Administrative Procedure Act applies to the conduct of hearing in adjudicatory proceedings. Subdivision 3 of section 102 of the State Administrative Procedure Act defines the term “adjudicatory proceeding” to mean: “any activity which is not a rule making proceeding or an employee disciplinary action before an agency, except an administrative tribunal created by statute to hear or determine allegations of traffic infractions which may also be heard in a court of appropriate jurisdiction, in which a determination of the legal rights, duties or privileges of named parties thereto is required by law to be made only on a record and after an opportunity for a hearing.” (Emphasis supplied.)
The commissioner argues that the hearing scheduled for the petitioner is not an adjudicatory proceeding. He asserts that the Administrative Adjudication Bureau is an administrative tribunal established under article 2-A of the *66 Vehicle and Traffic Law to hear and determine allegations of traffic infractions and that the petitioner is charged with a traffic infraction.
A traffic infraction is defined as: “The violation of any provision of this chapter, *** or of any law, ordinance, order, rule or regulation regulating traffic which is not declared by this chapter or other law of this state to be a misdemeanor or a felony.” (Vehicle and Traffic Law, §155.)
The notice sent to the petitioner indicates that his hearing was scheduled pursuant to section 1194 of the Vehicle and Traffic Law for the purposes of investigating whether or not he refused to submit to a chemical test. The petitioner never was charged with violating section 1193-a of the Vehicle and Traffic Law if, in fact, such a violation exists.
The refusal by an operator of a motor vehicle to submit to a chemical test pursuant to section 1194 of the Vehicle and Traffic Law does not constitute a traffic infraction within the meaning of section 155 of the same law. Subdivision 1 of section 1194 of the Vehicle and Traffic Law merely deems an operator of a motor vehicle to have consented to a chemical test of his or her breath, blood, urine or saliva for the purpose of determining the alcoholic or drug content of his or her blood so long as certain provisions are met. Subdivision 2 of section 1194 explains the administrative procedures to be followed by the police and the commissioner whenever an operator refuses a police officer’s request to submit to a chemical test. Unlike section 1193-a of the Vehicle and Traffic Law which states that a person shall submit to an initial breath test at the request of a police officer, section 1194 of the same law contains no mandate for a person to submit to the follow-up chemical test. As the Court of Appeals stressed in People v Thomas (46 NY2d 100, 108), “The choice whether to take the [chemical] test or to refuse [is] entirely [the defendant’s], as the statute (Vehicle and Traffic Law, § 1194) makes clear.”
Moreover, the sole remedy provided within section 1194 for an operator’s refusal to submit to a chemical test is an administrative one. The commissioner only may revoke *67 the person’s license, permit or nonresident operating privilege if the hearing officer is satisfied at the completion of the hearing that the operator was given the proper and sufficient warning of the effect to such refusal and the person persisted in his or her refusal. Again, this remedy of revocation is distinguishable from those remedies available to a court under section 1800 of the Vehicle and Traffic Law following a person’s conviction for a traffic offense.
Thus, while People v Graser (90 Misc 2d 219) holds that a violation of section 1193-a of the Vehicle and Traffic Law constitutes a traffic infraction under section 155 of the same law, for which an operator of a motor vehicle may be charged in a court of competent jurisdiction, an operator’s refusal to submit to a chemical test pursuant to section 1194 clearly does not constitute a traffic infraction.
The hearing scheduled for the petitioner, therefore, is an adjudicatory proceeding within the meaning of subdivision 3 of section 102 of the State Administrative Procedure Act which must be conducted in accordance with the procedural requirements of section 301 of the same act.
Third, the respondent maintains that the petition sets forth no facts to show the scheduling of the refusal hearing was not done within a reasonable time and consequently it should be dismissed for failure to state facts sufficient to support a cause of action. The petitioner does set forth the undisputed facts with reference to the time of the petitioner’s arrest and the time of the first scheduled hearing. These facts alone show a prima facie delay in the scheduling of Mr. Maxwell’s hearing for over 65 weeks. The commissioner does not deny that the New York State Department of Motor Vehicles received notice of the petitioner’s alleged refusal to submit to a chemical test shortly after his arrest.
In Matter of Utica Cheese v Barber (49 NY2d 1028, 1030) the Court of Appeals, while discussing the meaning of the language “within reasonable time” of subdivision 1 of section 301 of the State Administrative Procedure Act, said: “Though the statute does not define this period with specificity we would have to deem it elapsed in this case save for the commissioner’s advice as to the unusual na *68 ture of the matters he has been compelled to investigate in aid of his ultimate determination.” The petitioner in Utica Cheese had brought an article 78 proceeding to compel the Commissioner of the Department of Agriculture and Markets to act on its milk dealer license application which had been pending for 16 months. The Court of Appeals modified the order of the Appellate Division to direct a hearing be held within 90 days from the date of the decision of the Court of Appeals.
In the instant case, the Commissioner of the Department of Motor Vehicles has offered no explanation for the scheduling delay of over 15 months with respect to Mr. Maxwell’s hearing.
Consideration must be given to the policy reasons behind a requirement that all parties be afforded an opportunity for a hearing within a reasonable time in determining whether or not this delay should be held to be unreasonable (see State Administrative Procedure Act, § 301, subd 1). '
One authority, in writing on the issue of the scheduling of hearings, has said:
“Unreasonable delays affect the availability of witnesses, the memory of parties and witnesses and the marshalling of evidence. Delays may result in a denial of justice.
“The scheduling of hearings should be governed by a policy of dispensing justice speedily and expeditiously *** Prolonged waiting for the date of hearing *** causes unnecessary irritation and affects public relations adversely. Delays reflect upon the efficacy of the agency to do the job demanded by the law creating it. Also, inordinate delays tend to discourage parties from requesting hearings.” (Naftalison, Manual for Hearing Officers in Administrative Adjudication, pp 29-30.)
In addition to these general reasons for requiring that hearings be held within reasonable lengths of time, the goal of section 1194 of the Vehicle and Traffic Law will be better served by holding refusal hearings within reasonable lengths of time. As the Court of Appeals in People v Craft (28 NY2d 274, 278) noted: “That statute [Vehicle and *69 Traffic Law, § 1194] was designed to enable the authorities to deal promptly and effectively with the scourge of drunken drivers by immediate revocation of their licenses either upon chemical proof of intoxication or upon refusal to take the blood test.”
The Legislature recently amended the Vehicle and Traffic Law in relation to the revocation and suspension of licenses and certificates of registration, and convictions for different charges. Section 1194 of the Vehicle and Traffic Law now provides that upon presentation to the arraigning court of a police officer’s verified report of an arrested operator’s refusal to submit to a chemical test, the court shall suspend the operator’s privileges pending the determination of the Commissioner of the Department of Motor Vehicles at the refusal hearing (Vehicle and Traffic Law, § 1194, subd 2, as amd by L 1980, ch 807, §2). The amendments also limit the period of such suspensions to 15 days from the date of the refusal to submit to the test to avoid any injustice to an operator which may be occasioned by possible delays in the commissioner’s hearing schedule (Vehicle and Traffic Law, § 1194, subd 3, par a, as amd by L 1980, ch 807, § 2).
The then Deputy Commissioner and counsel to the Department of Motor Vehicles while commenting on the amendments prior to their passage, wrote: “Under current law it is possible that no action may be taken against the license because of a chemical test refusal for six months to a year or longer. It was this long delay in taking action which was objected to by members of the public greatly concerned with alcohol related driving. This bill certainly provides the mechanism for taking quick action and it is very probable that it will result in a quicker resolution of 1192 charges, and even possibly in a reduction of chemical test refusals.” (Letter to Hon. Richard A. Brown, counsel to the Governor, from Deputy Commissioner and counsel to the Department of Motor Vehicles, Stanley M. Gruss, June 18, 1980.)
Delays of over 13 or 15 months in scheduling refusal hearings certainly do not accomplish the legitimate State goal of removing inebriated drivers from the highways. Nor is it surprising that the Legislature amended the *70 Vehicle and Traffic Law with a view toward combating these bureaucratic delays.
This court does not attempt to direct or supervise the commissioner in the ordering of his priorities (Matter of Posner v Levitt, 37 AD2d 331), but by delaying the scheduling of Mr. Maxwell’s hearing for over 15 months the respondent has failed to comply with the statutory directive to afford the petitioner an opportunity for a hearing within a reasonable time (State Administrative Procedure Act, § 301, subd 1).
Accordingly, the petitioner’s prayer for an order annulling his notice for his hearing and directing the Department of Motor Vehicles be permanently restrained and enjoined from attempting to hold such a hearing is granted.

 The Legislature substantially amended the Vehicle and Traffic Law including section 1194 effective January 1,1981. Since this case arose prior to these amendments, the previous law applies.