OPINION OF THE COURT
Thomas P. Flaherty, J.
The petitioners herein have initiated article CPLR 78 proceedings in an effort to enjoin the respondents from conducting a hearing concerning patient neglect pursuant to section 2803-d of the Public Health Law and to further expunge from the records of the State Health Department *105 any findings of neglect made against them. These proceedings have been consolidated by stipulation.
While a patient at the Downtown Nursing Home, Inc. (Downtown), Josephine Polowniak, a 91-year-old woman, sustained serious burns while undergoing heat lamp treatment administered by an employee of Downtown on July 17, 1981. Several days later Mrs. Polowniak died; the autopsy listing the cause of death as bilateral broncho-pneumonia, due to thermal injuries.
Petitioners Tirath Walia, Cynthia Pett, Mary Ann Villar, all registered nurses, and petitioner Mary Ann Dennis, a licensed practical nurse, were all employees of Downtown at the time of this incident. Petitioner Robert Stelley is the current president of the board of directors of Downtown.
The incident involving Mrs. Polowniak was immediately reported to the State Health Department (Department). Pursuant to section 2803 (subd 6, par [a]) of the Public Health Law the Department commenced a thorough investigation consisting of numerous visits to Downtown, to local hospitals and to the Buffalo Police Department. Some 25 persons were interviewed, some of whom were interviewed more than once. A review of Downtown’s relevant policies and procedures was also undertaken. Technical information relating to the heat lamp in question was elicited from the manufacturer and medical supply company. This investigation was completed by the end of August, 1981 and a report of the incident was forwarded to the Department’s Albany headquarters where it underwent a review by various Department personnel. At the conclusion of this review process, the matter was submitted to William A. Liddle, then associate director of the Department’s Division of Health Facilities Standards and Control, for a determination pursuant to section 2803-d (subd 6, par [a]) of the Public Health Law as to “whether * * * sufficient credible evidence exist[ed] to sustain the allegations contained in the report”.
By letters dated January 18, 1982, some four and one-half months after the report was forwarded to Albany, associate director Liddle advised petitioners Walia, Pett, Villar and Dennis that sufficient credible evidence existed to support a finding of patient neglect as against each of *106 them regarding the incident of July 17, 1981. Pursuant to section 2803-d (subd 6, pars [a], [d]) of the Public Health Law these letters informed the recipients that they had 30 days to request an amendment or the expungement of the record of the report in this matter, and that if such request was refused or not acted upon within 30 days, the recipients would have the right to a fair hearing to determine whether the record of the report in this matter should be amended or expunged on the grounds that it is inaccurate.
Petitioners Walia, Pett, Villar and Dennis requested the amendment or expungement of the record as it related to them by letters dated February 11, 1982, January 28, 1982, February 8, 1982 and February 18, 1982, respectively. By the same letter petitioner Pett indicated that in the event her request to amend or expunge was refused, she was advising that she requested a fair hearing. Petitioner Pett also included in this letter a request for any and all materials relative to this incident (Public Health Law, § 2803-d, subd 6, par [f], cl [iii]).
The requests of petitioners Walia, Pett, Villar and Dennis were denied and they were informed of their right to a hearing by letters to them dated March 4, 1982, February 9, 1982, February 17, 1982 and March 4, 1982, respectively. Those letters stated that a hearing would be scheduled unless the petitioners returned within 30 days an enclosed form indicating that they did not want a hearing.
By letter dated April 5,1982 petitioner Walia requested a hearing. Petitioner Pett renewed her request for a hearing and for the information sought pursuant to section 2803-d (subd 6, par [f], cl [iii]) of the Public Health Law by letter of February 12, 1982. Petitioner Villar made her request for a hearing in a letter dated February 26, 1982, which included a request for a record of the report in this matter. This information was not forwarded to petitioners until mid-August of 1982, shortly before the date scheduled for the hearing. Petitioner Dennis made no written request for a hearing and apparently did not return the form indicating she did not want a hearing. However, petitioner Dennis had requested a hearing in her letter of February 18, 1982 requesting amendment or expungement.
*107 The next communications received by each of these four petitioners from the Department was dated August 4, 1982. Those communications consisted of a “Notice of Hearing” scheduled for August 26, 1982 and a “Statement of Charges”.
The respondents are silent as to what, if anything, the Department was doing with respect to this matter from January 18, 1982 when it mailed to petitioners the determinations that sufficient credible evidence existed to support a finding of patient neglect by these petitioners until August 4, 1982 when it mailed petitioners “Notice of Hearing” scheduled for August 26, 1982. Likewise, the record is remarkably undetailed with respect to what activity transpired regarding this matter from the time the report was forwarded to Albany up to the time these determinations were mailed to petitioners.
No action was taken against petitioner Stelley from the date of the incident until 13 months later when he received his “Notice of Hearing” and “Statement of Charges”, both dated August 4, 1982.
The gravamen of the petitions herein is that the Department unreasonably delayed its investigation of the incident (Public Health Law, § 2803-d) and failed to comply with the mandate of subdivision 1 of section 301 of the State Administrative Procedure Act which provides that “[i]n an adjudicatory proceeding, all parties shall be afforded an opportunity for hearing within reasonable time.”
Before the court can determine whether the petitioners were “afforded an opportunity for hearing within reasonable time” (State Administrative Procedure Act, § 301, subd 1), it must resolve the dispute between the parties regarding the date from which the “reasonable time” period is to be computed.
Petitioners maintain that the delay in scheduling the hearing was 13 months, from the date of the incident (July 17, 1981) to the scheduled date of the hearing (Aug. 26, 1982). Respondents reject the date of the incident as the commencement date for the running of the “reasonable time” period and urge that it began to run as to each petitioner when she requested a hearing. Respondents point to section 2803-d (subd 6, par [d]) of the Public Health *108 Law arguing that the right to a fair hearing does not even come into existence until the Department fails to comply with a written request to amend or expunge within 30 days of such request. Respondents offer no authority to support this contention.
Respondents’ position is untenable as it would enable the Department to make any time “reasonable” by simply withholding its determination as to the existence of sufficient credible evidence sustaining allegations of patient neglect. The court adopts the date of the incident as the commencement of the “reasonable time” period (see Matter of Maxwell v Commissioner of Motor Vehicles, 109 Misc 2d 62).
Under the facts and circumstances of this case, the court finds that the 13-month delay in affording petitioners an opportunity for a hearing was not in compliance with the “reasonable time” mandate of subdivision 1 of section 301 of the State Administrative Procedure Act. The court is not impressed with respondents’ contentions that determinations as to allegations of patient neglect could not be rendered until January 18, 1982 due to the complexity of this incident. Furthermore, the respondents have offered no defense for the period of delay following its determinations to the time it scheduled hearings. The 13-month delay has prejudiced petitioners in their ability to present defense witnesses with clear and detailed recollections of the incident of July 17, 1981. Respondents’ unexplained delay in providing petitioners with information necessary for the preparation of a hearing has likewise prejudiced petitioners.
Additionally, it must be noted that petitioners in no way contributed to this inordinate delay in scheduling a hearing (cf. Matter of Geary v Commissioner of Motor Vehicles, 92 AD2d 38, affd for reasons stated at App Div 59 NY2d 950).
Having carefully reviewed in camera the records maintained by the Department in this matter, the court is fully cognizant of the seriousness of this most unfortunate tragedy. Nevertheless, this incident should not be compounded by the Department’s failure to afford the petitioners the rights they are entitled to under subdivision 1 of section *109 301 of the State Administrative Procedure Act. Accordingly, the five petitions herein consolidated are in all respects granted.