OPINION OF THE COURT
Thomas Aloi, J.
Petitioner brings this CPLR article 78 proceeding in the nature of prohibition to enjoin respondents from continuing with a hearing before the Office of Professional Discipline, pertaining to petitioner’s conduct as a licensed practical nurse, on the ground that the delay of four years and 10 months in commencing the hearing violates subdivision 1 of section 301 of the State Administrative Procedure Act and also violates petitioner’s Federal and State constitutional right to due process. Respondents move to dismiss the petition on the ground that the petition fails to state a cause of action upon which relief may be granted in that petitioner has failed to exhaust her administrative remedies, pursuant to CPLR 7801 (subd 1), and in that respondents are not proceeding in excess of their jurisdiction.
This court is not unmindful of the plethora of cases holding that, in all but an extraordinary situation, an administrative hearing will not be enjoined by a writ or prohibition and that the “[r]emedy for asserted error of law in the exercise of that jurisdiction or authority lies first in administrative review and following exhaustion of that *76 remedy in subsequent judicial review” (Matter of Tessy Plastics Corp. v State Div. of Human Rights, 47 NY2d 789, 791, affg 62 AD2d 36; Matter of Fairbanks Farms v Kasza, 69 AD2d 1001,1002, affd on mem at App Div 49 NY2d 898, 899; Matter of Rainka v Whalen, 73 AD2d 731, 733, affd on mem at App Div 51 NY2d 973, 975; Matter of Schuyler v State Univ., 31 AD2d 273, 275; Matter of Protnicki v New York State Dept. of Civ. Serv., 18 AD2d 859, 860).
However, under the circumstances here presented, where it is uncontroverted that the delay between the time of the charged offenses and the hearing thereon amounts to almost five years and where said delay essentially constitutes a complete and utter flaunting of the State statute (Matter of Walia v Axelrod, 120 Misc 2d 104, 108), this court must act to prevent an egregious miscarriage of justice. In addition, despite vigorous advocacy by counsel for respondents, the court finds that petitioner has shown substantial prejudice to her defense resulting from this unexplained delay, sufficient, certainly, to constitute an “ ‘erroneous exercise of authority’ ” (see Matter of Geary v Commissioner of Motor Vehicles, 59 NY2d 950, 952, affg on opn at App Div 92 AD2d 38), and sufficient, in the opinion of this court, to amount to a violation of petitioner’s right to due process. As the Court of Appeals has stated, “the due process aspect of delay in the administrative context presents an important issue. The controlling standard is one of ‘fairness and justice’ (Matter of Evans v Monaghan, 306 NY 312; Matter of Brown v Ristich, 36 NY2d 183; Matter of Sowa v Looney, 23 NY2d 329). Thus, whenever a delay in an administrative adjudication significantly or deliberately interferes with a party’s capacity to prepare or to present his case, the right to due process has been violated” (Matter of O'Keefe v Murphy, 38 NY2d 563, 568). That right has been violated, as a matter of law, on the record in this case, and petitioner is entitled to judgment granting her petition. Respondents’ motion to dismiss is denied.