■ In the Matter of CAMILLE L. GRIFFITH, Petitioner, v APPEALS BOARD OF ADMINISTRATIVE ADJUDICATION BUREAU OF STATE DEPARTMENT OF MOTOR VEHICLES, et al., Respondents.— Determination unanimously confirmed and petition dismissed, without costs. Memorandum: The determination that petitioner violated Vehicle and Traffic Law § 1111 (d) (1) is supported by substantial evidence and must be confirmed *(see, Matter of McKenzie v Fisher,* 39 NY2d 103; *Matter of Rores v Passidomo,* 109 AD2d 1066). Although petitioner testified that

the light had turned to green by the time she entered the intersection from the west and collided with a car operated by Edwin Pytell traveling north on the intersecting street, there is testimony that the signal light facing the Pytell car changed from red to green when that car was about 100 yards from the intersection, that the light was still green when the car was "maybe" three car lengths from the intersection and that the light changed to yellow just as the Pytell car entered the intersection. Other testimony of these witnesses is confusing and shows a lack of recollection. Nevertheless, this proof, along with petitioner's additional testimony that the yellow light which faced the Pytell car lasts less than four seconds before changing to red, constitutes substantial evidence from which an inference may be reasonably and logically drawn that petitioner passed through a red light in violation of the Vehicle and Traffic Law *(see, 300 Gramatan Ave. Assoc. v State Div. of Human Rights,* 45 NY2d 176, 181).

Further, the testimony of the Deputy Sheriff as to the functioning of the traffic-control signal was not based on hearsay and his accident report was admissible in evidence *(see, Matter of Ray v Blum,* 91 AD2d 822, 823). Since the witness Joh was examined before the Administrative Law Judge and cross-examined by petitioner, any error in previously admitting into evidence his written statement must be deemed harmless. (Article 78 proceeding transferred by order of Supreme Court, Monroe County, Mastrella, J.) Present— Dillon, P. J., Callahan, Denman, Pine and Schnepp, JJ.