■ In the Matter of RAYMOND W. HALSTEAD, Petitioner, v PATRICIA B. ADDUCI, as Commissioner of Motor Vehicles of the State of New York, et al., Respondents.—Main, J. P. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Otsego County) to review respondents' determination which revoked petitioner's driving license and privileges.

On February 16, 1984, petitioner was involved in an accident in Otsego County in which the pickup truck he was driving struck a vehicle parked on the side of the road, resulting in the death of one person. Although he was indicted on several counts relating to the accident, he was acquitted of all charges. Thereafter, the Department of Motor Vehicles held a hearing to review the accident and petitioner's driver's license was revoked. In this proceeding, petitioner contends that the finding of the Administrative Law Judge (ALJ) that he violated Vehicle and Traffic Law § 1163 by moving his vehicle from a direct course was not supported by substantial evidence and that the penalty imposed is excessive. We disagree with both contentions.

Petitioner's claim that the ALJ's decision is unsupported by substantial evidence is based on two points: first, that the testimony of one witness, which was considered "key" by the ALJ and which the ALJ found credible, was actually not credible and, second, that the physical evidence produced at the hearing demonstrated that the parked vehicle was in fact partially obstructing the roadway. With regard to the first point, the fact that the witness was a friend of the deceased does not render his testimony incredible, although it certainly could be considered in assessing credibility. The question of a

witness's credibility is appropriate for resolution by the hearing officer *(see, Matter of Williams v Tofany,* 43 AD2d 1005, 1006), and we see no reason to reject the ALJ's finding of credibility. Similarly, petitioner's second point is without merit. According to petitioner, the concrete block upon which the parked vehicle was resting was subsequently found to be 59 inches from the roadway and the parked vehicle was 74¾ inches wide; therefore, the vehicle must have been on the roadway. However, no evidence was produced to show that, at the time of the measurement (apparently done some time after the accident), the block was in the same position it occupied at the time of the accident and, moreover, the photograph and diagram upon which petitioner relied for this point were never even introduced into evidence at the hearing. Accordingly, the ALJ was free to reject petitioner's theory, and his finding that petitioner violated Vehicle and Traffic Law § 1163 is supported by substantial evidence.

Finally, we find that, in light of the circumstances of this case, the penalty of revocation imposed here was not excessive. Vehicle and Traffic Law § 510 (3) (a) permits license suspension for any violation of the Vehicle and Traffic Law "as shall, in the discretion of the [hearing officer], justify such revocation". We see no abuse of discretion here.

Determination confirmed, without costs, and petition dismissed. Main, J. P., Casey, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.