■ In the Matter of DENNIS A. BALLEN, Petitioner, v COM-MISSIONER OF MOTOR VEHICLES, Respondent.—Proceeding pursuant to CPLR article 78 to review a determination of the New York State Department of Motor Vehicles, dated February 2, 1987, which sustained a finding of an Administrative Law Judge that the petitioner had violated Vehicle and Traffic Law § 1111 (d) (1) and imposed a fine of $50 and a surcharge of $10.

Adjudged that the determination is confirmed and the proceeding is dismissed on the merits, with costs.

The determination that the petitioner violated Vehicle and Traffic Law § 1111 (d) (1) in that he failed to obey a red traffic signal light is supported by substantial evidence in the record and is confirmed *(see, 300 Gramatan Ave. Assocs. v State Div. of Human Rights,* 45 NY2d 176; *Matter of McKenzie v Fisher,* 39 NY2d 103; *Matter of Kahn v State of New York Dept. of Motor Vehicles,* 134 AD2d 594, 595).

On March 27, 1984, Police Officer Allen, who was monitoring traffic, parked his marked police vehicle on the northeast corner of Nassau Boulevard at its intersection with Little Neck Parkway facing in a westbound direction. From his position, he observed the traffic light on the southeast corner which controlled the southbound traffic on Little Neck Parkway. He ascertained that the traffic lights at the intersection were operational. He also observed that the traffic lights controlling northbound and southbound traffic on Little Neck Parkway at that intersection were synchronized and changed simultaneously. Officer Allen testified that the light at the southeast corner changed from yellow to red for Little Neck Parkway traffic when the petitioner's car, proceeding northbound on Little Neck Parkway, was about 60 feet from the intersection. At that time, he did not view the light located at the northwest corner which governed northbound traffic. The police officer testified that the petitioner drove through the intersection against the red traffic signal light. In our view, the police officer's testimony provided substantial evidence to support the determination that the petitioner violated Vehicle and Traffic Law § 1111 (d) (1) *(see, Matter of Griffith v Appeals Bd.,* 115 AD2d 945).

We have considered the petitioner's remaining contentions and find them to be without merit. Thompson, J. P., Rubin, Spatt and Balletta, JJ., concur.