◼ In the Matter of BARRY ORTENBERG, Petitioner, v COMMISSIONER OF MOTOR VEHICLES, Respondent. [595 NYS2d 127] — Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which, *inter alia,* suspended petitioner's driving license and privileges for 45 days.

In our view, the Administrative Law Judge correctly rejected petitioner's contention that the Department of Motor Vehicles was required to prove petitioner's guilt under the "clear and convincing" standard set forth in Vehicle and Traffic Law § 227 (1). That statute applies to hearings held under Vehicle and Traffic Law article 2-A. Petitioner's hearing, however, was held pursuant to Vehicle and Traffic Law article 3-A *(see,* Vehicle and Traffic Law § 510 [3]). Thus, the clear and convincing standard was not applicable *(compare, Matter of Lovenheim v Foschio,* 93 AD2d 986; *Rosenthal v Giustiniani,* 64 AD2d 697; *Matter of Sulli v Appeals Bd. of Admin. Adjudication Bur.,* 55 AD2d 457; *see generally, Matter of Silverstein v Appeals Bd. of Parking Violations Bur.,* 100 AD2d 778, *lv denied* 62 NY2d 606).

There is also substantial evidence in the record to support respondent's conclusion that petitioner failed to comply with a lawful direction of a police officer in violation of Vehicle and Traffic Law § 1102 *(see, Matter of Fazzone v Adduci,* 155 AD2d 540; *Matter of Ballen v Commissioner of Motor Vehicles,* 147 AD2d 560). Police Officer William Robinson testified that while he was directing traffic on the day in issue, he raised his hand to allow a child and school crossing guard to cross the street. A light-colored mid-sized vehicle ignored Robinson's signal and kept going. The license plate number taken down by Robinson matched petitioner's vehicle and petitioner fit

Robinson's description of the driver. Although petitioner and one of his employees testified that he was never at the scene of the incident, this merely raised a question of credibility for the Administrative Law Judge to resolve *(see, Matter of Halstead v Adduci,* 125 AD2d 846). Finally, we find that the 45-day suspension was not so disproportionate to the offense as to be shocking to one's sense of fairness *(see, Matter of Fazzone v Adduci, supra; Matter of Draper v Passidomo,* 122 AD2d 564). Robinson testified that the vehicle almost struck the child. In view of this conclusion, the arguments raised by respondent in this regard need not be reached.

Mikoll, J. P., Levine, Crew III, Casey and Harvey, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.